## BROOKS v. SINCLAIR REFINING CO.

### No. 2773.

Circuit Court of Appeals, Tenth Circuit.

Jan. 4, 1944.

James J. McNamara, of Kansas City, Mo. (Robert V. Wollard, of Clavis, N.M., on the brief), for appellant.

Theo. E. Jones, of Albuquerque, N. M. (W. A. Keleher, of Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On January 16, 1941, Sinclair Refining Company,[1] as party of the first part, and Austin Brooks, as party of the second part, entered into an agency agreement. The pertinent provisions of the agreement read as follows:

"For the mutual considerations hereinafter set forth, the party of the first part (hereinafter referred to as the 'Company') agrees that the party of the second part (hereinafter referred to as the 'Agent') may act as the agent of the Company in the territory described at the end hereof with headquarters at Melrose, State of New Mexico; and the Agent hereby agrees to act as such agent subject to the following terms and conditions:

"1. The Agent shall receive, care for and sell, exclusive of other similar products, the oils, lubricants and other products (herein referred to as 'products') that the Company supplies for sale, and shall deliver and collect for all products thus sold, it being understood that all such products shall remain the property of the company

---

[1] Hereinafter called Sinclair.

until sold and that the proceeds therefrom shall be the property of the Company and subject to its orders; and without additional charge therefor shall assist in making collections of such accounts in Agent's territory as the Company may deliver to Agent for that purpose, including those accounts specified herein. * * *

"13. In consideration of the fulfillment of the above stipulations, obligations and requirements, and as full payment for any and all services performed hereunder, the Company agrees to pay the Agent the following commissions semi-monthly based on the schedule hereinafter set out, covering sales and deliveries made in the Agent's territory (except sales and deliveries of carloads and except sales in connection with the sale or leasing of a station of the Company, on which no commissions shall be paid), the Company, however, reserving the right to withhold payment of commissions on any sale until payment therefor has been made to the Company: * * *

"16. *The Company reserves the right to reject either with or without cause and without assigning to the Agent any reason for such action, any orders taken by the Agent.* No commissions are to be paid on rejected orders or on orders cancelled by purchaser. * * *

"25. *Either party may terminate this agreement at any time with or without cause;* and upon the termination thereof the Agent shall forthwith deliver to the Company or its representatives all equipment, property, products, monies, credits, books of account, and station records of whatsoever form, entrusted to Agent or coming under Agent's control." (Italics ours.)

Brooks brought this action against Sinclair to recover damages for alleged breach of such contract, and for alleged trespass. In his complaint, Brooks set up the contract; and alleged that he was the owner of certain lands situated in the village of Melrose, New Mexico, upon which he had erected certain structures and facilities for storing, distributing, and marketing petroleum products; that on July 16, 1941, Sinclair, without reasonable notice, wrongfully, wilfully, and maliciously canceled the contract; that on July 16, 1941, Sinclair wrongfully, wilfully, and maliciously entered upon and took possession of his property upon which he operated a retail oil and gasoline service station, and placed large padlocks on the pumps thereon and placed a deputy sheriff of Curry County, New Mexico, as a guard on and over such property.

The cause came on for trial. Sinclair objected to the introduction of any evidence with respect to damages for the cancellation of the contract. The trial court sustained the objection on the ground that the contract was subject to cancellation at will by either party and ruled that Brooks was limited to damages for trespass. Counsel for Brooks then announced that he did not desire to submit evidence on the claim for trespass and if the court would permit plaintiff to take an involuntary nonsuit, he would so move. The court then announced to the jury, "Gentlemen—this disposes of the case," and dismissed the jury. Thereafter, counsel for Sinclair objected to a dismissal without prejudice. Counsel for Brooks then announced that he withdrew the motion. The court then announced that since the jury had been discharged, it would dismiss the case with prejudice. From a judgment dismissing the action with prejudice, Brooks has appealed.

The contract created an agency. Under it Sinclair was not bound to deliver any products to Brooks, the agent, for sale and was at liberty to reject, with or without cause, any orders taken by Brooks and either party could terminate the contract at any time with or without cause. The contract, in so far as it was executory, was wholly illusory.[2] We conclude that termination of the contract imposed no liability upon Sinclair.[3]

We think, however, that the court erred in dismissing the action with

[2] Motor Car Supply Co. v. General Household Utilities Co., 4 Cir., 80 F.2d 167, 170; Ford Motor Co. v. Kirkmyer Motor Co., 4 Cir., 65 F.2d 1001, 1003; Bendix Home Appliances v. Radio Accessories Co., 8 Cir., 129 F.2d 177, 181, 182; Terre Haute Brewing Co. v. Dugan, 8 Cir., 102 F.2d 425, 427; Ford Motor Co. v. Alexander Motor Co., 223 Ky. 16, 2 S.W.2d 1031, 1032; Williston on Contracts, Rev. Ed., Vol. 4, § 1027A, p. 2855.

See, also, Willard, Sutherland & Co. v. United States, 262 U.S. 489, 493, 43 S.Ct. 592, 67 L.Ed. 1086.

[3] See cases cited in Note 2, ante; Bushwick-Decatur Motors, Inc., v. Ford Motor Co., 2 Cir., 116 F.2d 675, 676; Buggs v. Ford Motor Co., 7 Cir., 113 F.2d 618, 620, 621.

prejudice. It either should have granted or denied the motion to dismiss without prejudice. It impliedly sustained that motion when it announced "Gentlemen— this disposes of the case." When objection was made to a dismissal without prejudice and counsel for Brooks stated he would withdraw the motion and that he objected to a dismissal with prejudice, the court should have declared a mistrial, impaneled a new jury and proceeded anew with the trial on the claim for trespass.

Reversed and remanded with instructions to grant Brooks a new trial on the trespass claim. The costs will be assessed equally against the parties.

