ROBERT PORTER & SONS, INC.,
Appellant,

v.

NATIONAL DISTILLERS PRODUCTS COMPANY, a division of National Distillers and Chemical Corporation, Appellee.

No. 7341.

United States Court of Appeals
Tenth Circuit.
Nov. 18, 1963.

K. Gill Shaffer, Shaffer & Butt, and Paul L. Butt, Albuquerque, N. M., for appellant.

John P. Eastham, Rodey, Dickason, Sloan, Akin & Robb, and William A. Sloan, Albuquerque, N. M., for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant brought this action for damages, alleging that appellee wrongfully terminated the verbal contract under which appellant distributed appellee's products. The trial court sustained appellee's motion to dismiss an amended complaint for failure to state a cause of action upon which relief could be granted. From this order of dismissal, appellant appeals.

Appellant in its amended complaint alleges that in 1934 appellant and appellee entered into an oral contract which provided that appellant would exclusively distribute appellee's liquor in New Mexico. Pursuant to this agreement, appellant purchased liquor from the appellee throughout the period it was in effect. In reliance on this contract, the appellant alleges it extended its facilities, built up good will, advertised, and hired additional salesmen. No term nor express provision as to termination was agreed upon. On June 25, 1959, appellee gave appellant a ninety-day notice of termination of the contract, and did so terminate on September 30, 1959. The recovery sought relates to expenditures made in reliance on the contract and also anticipated profits. The issues only concerned the executory aspects of the agreement. The trial court gave no specific grounds for its dismissal.

The complaint states that the arrangement was "more than a mere agency," and appellant was to "render consideration" in addition to services in that it would use its best efforts for the distribution and sale of appellee's products, and that it "promised to buy a sufficient quantity of defendant's products to meet the demands of the market." The complaint is however silent on whether appellee promised to sell to appellant any particular amount or to furnish its needs.

The appellant urges that the amended complaint states facts sufficient in law to entitle it to reasonable notice of termination. It asserts that there were mutual promises to support the agreement, and it can be terminated only by the giving of reasonable notice. The parties are in agreement that the arrangement between them could be terminated. The only questions between them are the time periods for termination, whether a notice period is required, and if so what is its length. The complaint shows that the oral arrangement had been in effect for about twenty-five years, and that the parties had performed during this period. There are no authorities from New Mexico courts on the question of the length of time, if any, which must elapse before an arrangement of this type may be terminated.

The allegations fall short of a "requirements contract" in that no promise by the appellee is set forth. In this respect the case is very similar to Brooks v. Sinclair Refining Co., 139 F.2d 746 (10th Cir.), where there was no undertaking shown on the part of Sinclair Refining Company to sell to the local bulk plant operator any particular quantity of gasoline. This cited case arose in New Mexico under a written agreement

with the plaintiff as an agent to be paid on a commission basis. The plaintiff-agent had built improvements in order to perform. The court found that Sinclair was not bound to deliver to the agent, that it could therefore refuse to fill orders from him. The court found that the contract was illusory. The facts of the case at bar are quite different in that here, the appellant purchased products from appellee and the complaint states that he promised to purchase the market needs; however there is no allegation that appellee promised to sell. There were therefore no mutual promises to provide consideration for the agreement. The Colorado courts have discussed the question at some length in Cohen v. Clayton Coal Co., 86 Colo. 270, 281 P. 111, 74 A.L.R. 467, and it was there held that there must be a promise to sell and a promise to buy. Intermountain Rural Electric Ass'n v. Colorado Central Power Co., 322 F.2d 516 (10th Cir.) 1963, presents a case arising in Colorado where mutual promises were present. This is the "mutuality" usually discussed in cases of this nature and in reality is no more than a determination that there is consideration. Hunt Foods v. Phillips, 248 F.2d 23 (9th Cir.); 14 A.L.R. 1300; 26 A.L.R.2d 1139. By amending its complaint, appellant added allegations that appellant agreed to buy quantities to meet the demands of the market. This is an allegation pointing to a "requirements contract" but as mentioned above, there is no allegation that the appellee agreed to sell. An express agreement is alleged, and we must assume that the complaint sets out the arrangement in its entirety.

The appellant urges that the authorities on distributorships also be considered and this has been done. Appellant points to J. C. Millett Co. v. Park & Tilford Distillers Corp., D.C., 123 F. Supp. 484, as the strongest authority for its position. There the court held that in California a distributorship contract may be enforced. The court considered the investment by the distributor, and the other factors there present to distinguish it from a bare agency. It held that after one year, such an agreement could be terminated, and that three months' notice prior to actual termination was also reasonable. A similar case arising in California is Hunt Foods v. Phillips, 248 F.2d 23 (9th Cir.). In California it appears that if there is some consideration in addition to, and independent of, the agency duties, there is a contract requiring reasonable notice for termination of oral distributorships having no stated term. Such consideration must be other than the service to be rendered as an agent. The same rule prevails in South Carolina, Jack's Cookie Co. v. Brooks, 227 F.2d 935 (4th Cir.), and in several other states. Other jurisdictions have held distributorships similar to the one at bar to be without consideration. E. I. Du Pont De Nemours & Co. v. Claiborne-Reno Co., 64 F.2d 224, 89 A.L.R. 238 (8th Cir.), is an example where an exclusive distributorship in Iowa was cancelled, as it was in Arkansas in Silbernagel v. Hirsch Distilling Co., 99 F.2d 829 (8th Cir.); in Iowa in Meredith v. John Deere Plow Co. of Moline, Illinois, 185 F.2d 481 (8th Cir.), cert. den. 341 U.S. 936, 71 S.Ct. 856, 95 L.Ed. 1364; in West Virginia in Motor Car Supply Co. v. General Household Utilities Co., 80 F.2d 167 (4th Cir.); in Mississippi in P. P. Williams Co. v. Colorado Milling & Elevator Co., 246 F.2d 240 (5th Cir.); in Georgia in Sealtest Southern Dairies Division v. Evans, 103 Ga.App. 835, 120 S.E.2d 887; in Tennessee in Curtiss Candy Co. v. Silberman, 45 F.2d 451 (6th Cir.).

Implied promises as consideration in distributorship arrangements are discussed in 1 Corbin, Contracts, 456, and by other text writers; however, in the case at bar where an express agreement is alleged, but no promise by the seller, there would seem to be no room for such implication assuming that consideration can be so implied in similar circumstances. The New Mexico courts have required a strict showing of consideration. Williams v. Waller, 51 N.M. 180, 181 P.2d 798.

We consider the majority rule to be that the arrangement described in the complaint does not create a contract, and thus could be terminated at will. As mentioned, there are no New Mexico cases on the subject, but Brooks v. Sinclair Refining Co., 139 F.2d 746 (10th Cir.), discussed above, arose in New Mexico. It should also be pointed out that the trial judge in the case at bar formerly was a judge of a New Mexico state district court. In matters concerning the law of a particular state where there are no state decisions in point, the determination by the trial judge will be accepted if it is within the general authorities on the point. Dallison v. Sears, Roebuck and Co., 313 F.2d 343 (10th Cir.); Mitton v. Granite State Fire Ins. Co., 196 F.2d 988 (10th Cir.); F & S Construction Co. v. Berube, 322 F.2d 782 (10th Cir.).

Affirmed.