The **FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, OKLAHOMA,** and T. Jack Foster, Trustees, and the Beneficiaries of the John Robertson Foster Trust, Appellants,

v.

John Robertson **FOSTER**, Appellee.

No. 7885.

United States Court of Appeals
Tenth Circuit.

May 24, 1965.

R. C. Jopling, Jr., Oklahoma City, Okl. (Fowler, Rucks, Baker, Jopling, Gramlich & Mee and Lynnie Clayton Spahn, Oklahoma City, Okl., were with him on the brief), for appellants.

Gus Rinehart, Oklahoma City, Okl. (Rinehart & Morrison, Oklahoma City,

Okl., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellee commenced this action to require the appellant cotrustees to accept an amendment or supplement to a trust agreement that they were then administering. The trial court entered judgment in favor of the appellee and thereby required the acceptance of the supplemental agreement. The trustees have taken this appeal.

The record shows that the appellee is the settlor or trustor of a trust administered under a trust agreement dated July 25, 1960, wherein the appellants are named cotrustees. This original agreement expressly provides that the trust should be irrevocable. It also provides that the income should be paid to the trustor, and that the distribution of the corpus after the death of the trustor be made as he may "designate by instrument supplementary to this trust agreement and delivered to and accepted by Trustees." The instrument makes provision for distribution in the event trustor shall not execute such supplemental instrument by providing that the corpus is to be divided and remitted as directed by the individual trustee in his sole discretion.

In January 1961 the trustor prepared a Supplement to the trust agreement in which detailed distribution of the corpus was directed. Then the trustor on June 15, 1961, filed an additional Supplemental Agreement which refers to the previous Supplement and again, as did the Supplement of January 13, 1961, refers to paragraph 6 of the original instrument which contains the provision for further disposition of the corpus as the trustor may designate by instrument supplementary to the original agreement. This Supplement of June 15, 1961, also recites a desire to revoke the prior Supplement to "amend the trust agreement" by surrendering his own right, title and interest therein. By this instrument the trustor renounced his right to income and provided that the administration and distribution be made without reference to whether the trustor is alive or dead. This instrument specifies that certain savings accounts are to be created and provides for disbursements of the corpus of the estate by a committee for the education of certain named persons. Thereafter the trustor prepared an additional Supplement dated October 11, 1962, which is the subject of this litigation since the trustees refused to accept and to proceed in accordance with it. This instrument revokes portions of the last prior Supplement, reinstates the life income to the settlor, and provides that the corpus of the trust shall pass upon the settlor's death to his widow.

The appellants urge that the Supplement of October 11, 1962, proposed by the trustor-appellee is in effect a revocation of the trust, and the trustor is powerless to so terminate the expressly irrevocable agreement under Oklahoma law. The appellants further argue that the prior Supplements were proper in that the Supplement of January 13, 1961, was an exercise of the power reserved by the trustor; that the Supplement of June 15, 1961, was a permissible waiver or surrender of the trustor's right to receive income, and was a "minor revision" to identify the beneficiaries. Appellants urge that in contrast the proposed Supplement completely alters the purpose of the trust, the class of beneficiaries, and voids all prior instruments.

The trial court found that the proposed Supplement was proper, and that the trustees should accept it. The remarks of the court indicate that the proposed Supplement does not constitute a revocation of the trust, and further that under the law of Oklahoma the trustor could exercise the reserved right to designate the beneficiaries upon the distribution of the trust as many times as he desired.

The record shows that the proposed Supplement as it relates to the dis-

tribution of income during the lifetime of the trustor appellee would restore the provisions as made in the original trust agreement. It expressly "reinstates" the paragraph of the original agreement relating to income. This in itself cannot be considered a revocation, and there can be made no valid objection to it.

■ The proposed Supplement to the extent that it constitutes a repeated exercise of the power to designate beneficiaries on the settlor's death does not, according to the record, demonstrate anything contrary to the intention of the settlor. The settlor had previously exercised such a right several times, and this if nothing more demonstrates his intention that the reserved power would not be exhausted upon its first exercise. As was stated by the Oklahoma court in Hurst v. Kravis, 333 P.2d 314 (Okl.), the intention of the settlor should control if not in conflict with established principles of law. Under the circumstances here presented, the finding of the trial court that the repeated exercise of the power was proper was not erroneous.

■ The settlor has the power to modify trust provisions to the extent that he reserved such authority. Restatement, Trusts § 331. The appellee in the case at bar reserved the power to make a different designation of beneficiaries on distribution upon his death in a supplemental instrument than was provided in the original instrument. This was a reservation of a right to modify the instrument as originally executed, and was not a power of a different character. The provision does not expressly state that repeated designations may be made, but such repeated use as is here before us is not contrary to law and, as indicated, is in accord with the settlor's intent. Such a right to modify the original instrument as here reserved need not be stated in more exact terms under these circumstances. Bogert, Trusts, § 995; 35 Ill.L.Rev. 976.

■ The parties have cited no Oklahoma cases directly upon the point of repeated exercise of a power to modify.

The trial court's determination of the applicable law of Oklahoma will be upheld under these circumstances unless clearly wrong, and we do not find it so. F & S Construction Co. v. Berube, 322 F.2d 782 (10th Cir.); Robert Porter & Sons, Inc. v. National Distillers Products Co., 324 F.2d 202 (10th Cir.); United States Fidelity & Guaranty Co. v. Lembke, 328 F.2d 569 (10th Cir.).

The trial court also found that the attempted modification was not a revocation. The Oklahoma statute, 60 O.S.A. § 175.41, relating to revocation, is not applicable. Appellants urge that the basic question is whether the trust is revocable, but the determination of the trial court must stand.

The effect of the reinstatement of the life income has been considered above. As to the balance of the proposed Supplement, it revokes all the operative provisions of the June 15, 1961, Supplement and then makes specific provision for distribution of the corpus on the settlor's death to his widow, and then reaffirms the original trust agreement as modified. The record indicates no intention by the settlor to revoke the trust, and in fact all the evidence is to the contrary. The appellants urge in effect that despite such intention the changes are so great as to constitute a revocation. The record does not support such a position. Considering the proposed Supplement as a whole, its effect is to restore the theretofore changed provisions of the original trust, and to redesignate beneficiaries under the retained powers hereinabove considered. The new beneficiary of the corpus is not one of a class designated in prior instruments, and this does represent a change. However, there are no restrictions on the reserved power, and a change in the class of beneficiaries, the trust otherwise being as originally provided, cannot be regarded as a revocation.

The finding of the trial court on this point is well supported by the record and no revocation was intended or resulted from the proposed Supplement.

Affirmed.