## Weilersbacher, Appellant, *v.* Pittsburgh Brewing Company.

Argued March 15, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John R. Luke,* for appellants.

*Judd N. Poffinberger, Jr.,* with him *Harry Woodruff Turner,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 19, 1966:

In this action in equity, the lower court sustained preliminary objections to the complaint in the nature of a demurrer and dismissed the action. Plaintiffs appeal.

The facts pleaded in the complaint may be summarized as follows:

The plaintiffs are the owners and operators of a beer distributing agency which purchased beer and other malt products from the defendant for many years. During this period, the agency spent much time and money in the furtherance of its business and the promotion of good will. In 1963, the plaintiffs and defendant entered into an oral agreement wherein the defendant contracted to sell its products to the plain-

tiffs for cash at an agreed price schedule. In 1964, the defendant arbitrarily terminated the contract and refused to make further sales to the plaintiffs. The latter now seek to compel a continuing performance of the contract.

The ruling below was correct. The complaint fails to state a valid cause of action.

The contract, as pleaded, fails to provide any fixed tenure. Also, it fails to set forth any language or conditions indicating an intention that it was to continue for any particular period of time. All it states is that defendant's products would be sold to the plaintiffs for cash at stipulated prices.

Prior to the adoption by Pennsylvania of the Uniform Commercial Code,[1] the general rule of law concerning sales contracts, which did not specify a definite term or prescribe conditions which would determine the duration thereof, was that they could be terminated at will by either party. See, *Price v. Confair,* 366 Pa. 538, 79 A. 2d 224 (1951) ; *Slonaker v. P. G. Publishing Co.,* 338 Pa. 292, 13 A. 2d 48 (1940) ; and *Trainer v. Laird,* 320 Pa. 414, 183 A. 40 (1936). In some few instances, this Court permitted an exception to the general rule. One such was where the complaining party plead and proved the existence of circumstances at the time the contract was executed, which clearly indicated an intention by the parties that it would continue in force for a reasonable time or some particular period. This was the situation presented in *Nolle v. Mutual Union B. Co.,* 264 Pa. 534, 108 A. 23 (1919). As stated in *Price v. Confair,* supra, at 543, *Nolle* was "an exceptional case which was decided on its own particular facts and . . . was not intended to change the general

---

[1] Act of April 6, 1953, P. L. 3, §1-101 et seq., as amended, Act of October 2, 1959, P. L. 1023, §1 et seq., 12A P.S. §1-101 et seq. (Supp. 1965).

rule of law."[2]  In the instant case, the contract itself fails to specify that it is to continue for any particular period.  Also, unlike *Nolle,* supra, the complaint here fails to set forth facts existing at the time the contract was executed which would warrant a finding that the parties intended it to continue for some particular period.

The adoption of the Uniform Commercial Code in Pennsylvania did not change the existing law so as to aid plaintiffs' cause.  Two sections of the code may be considered pertinent; the first thereof, §2-204(3) (Act of April 6, 1953, P. L. 3, §2-204, as amended, 12A P.S. §2-204 (Supp. 1965)) provides: "Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." This concerns only the question of whether or not a contract between the parties did in fact exist.  It does not control the question for decision here, i.e., whether or not under the pleaded facts the contract was terminable at will.

Section 2-309(2) of the code (Act of April 6, 1953, P. L. 3, §2-309, as amended, 12A P.S. §2-309 (Supp. 1965)) must also be considered.  It provides: "Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time *but unless otherwise agreed may be terminated at any time by either party."* (Emphasis added.) This encompasses the facts here pleaded.  No tenure was agreed upon.  The contract prescribed no conditions indicating the duration thereof.  Absent also are any unusual circumstances manifesting an intention that it would continue for any particular period.  The plain-

---

[2] *Nolle* was substantially different from the facts of this case. Therein the buyer agreed to purchase a minimum amount of the products and also agreed to and did buy stock in the seller's company in consideration for the contract.

tiffs agreed to purchase for cash only, as long and in such quantities as they wished. They were bound to nothing. The agreement, at most, was one at will, terminable by either party. This conclusion is supported by our decisions since the adoption of the code. See, *Maloney v. Madrid Motor Corp.*, 385 Pa. 224, 122 A. 2d 694 (1956).

The plaintiffs also argue that by implication the defendant promised to continue to supply the products indefinitely, so long as cash was paid in return. We cannot agree. For an implied promise to exist, it must be found in the language of the contract or be indispensable in effectuating the intention of the parties. See, *American Central Ins. Co. of St. Louis v. McHose*, 66 F. 2d 749 (3d Cir. 1933). A court cannot read into a contract that which is not necessarily implied: *Cornman v. Graeber, Stringing & Wiring Mach. Co.*, 69 F. Supp. 550, aff'd 160 F. 2d 738 (3d Cir. 1947).

Finally, plaintiffs contend that a beer manufacturer is mandated by the Pennsylvania Liquor Code, Act of April 12, 1951, P. L. 90, §101 et seq., as amended, 47 P.S. §1-101 et seq. (Supp. 1965), to sell its products to any and every licensed distributor. We find nothing in the law that in any way supports this position.

Order affirmed. Each party to pay own costs.