## Mastrian v. William Freihofer Baking Company

*John L. Bigelow* and *Robert J. Gillespie*, for plaintiff.
*Charles B. Waller* and *John J. Aponick, Jr.*, for defendant.

SCHIFFMAN, J., May 1, 1968.—We have before us defendant's motion for summary judgment or, in the alternative, judgment on the pleadings in the within action in assumpsit.

The action is based upon an alleged oral contract between plaintiff and defendant under the terms of which for a period in excess of 30 years, plaintiff distributed and sold, in the Hazleton area, baked goods produced by defendant.

It is alleged that on May 9, 1965, plaintiff was informed by a representative of defendant that on the following day, May 10, 1965, he would no longer represent defendant. Rather, he was informed that his routemen had been instructed to pick up their Freihofer products from someone else and to make payment therefor directly to the defendant.

Plaintiff initiated this action claiming that defendant had breached its contract with him and that de-

fendant had failed to provide him with reasonable notice of its intention to terminate their arrangement as required by section 2-309(3) of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §2-309 (3).

This court, in a previous decision, determined that since there was an oral contract it was terminable at will and therefore there could be no breach of contract by defendant. We directed plaintiff to amend its complaint to allege, inter alia, that this action was based solely on a failure to give notice of its intention to terminate its contract.

Plaintiff did so amend its complaint. Defendant now seeks either judgment on the pleadings or summary judgment.

Defendant asserts that this requirement of section 2-309(3) of the Uniform Commercial Code was not applicable to the instant situation because the aforesaid section relates only to sales of goods as described and defined in section 2-102 of the Uniform Commercial Code. Defendant contends that the within transaction was not such a sale but rather was a "sales distribution" arrangement and therefore not within the purview of the Uniform Commercial Code so as to require reasonable notice.

We cannot agree with this contention of defendant.

Our Supreme Court, in the case of Weilersbacher v. Pittsburgh Brewing Company, 421 Pa. 118, while the question of notice under section 2-309(3) was not discussed specifically, did apply section 2-309(2) to a factual situation almost identical with the one in the instant matter, the only difference being that in that case the product being dealt with was malt and brewed beverages rather than baked products.

Furthermore, a mere reading of section 2-309(3) clearly indicates this section was inserted in the Commercial Code to preclude the imposition of just such an injustice as plaintiff claims to have suffered in the

present case. Section 2-309(3) provides that even where a contract is terminable at will, as in the present case, termination can be had only when one party receives "reasonable notification" by the other party. It further provides that even if the parties agree to dispense with this requirement of notice, such agreement is invalid if its operation would be unconscionable. Our reasoning in this regard is supported by Comment 8 to this section of the Uniform Commercial Code, which states:

"Subsection (3) recognizes that the application of principles of good faith and sound commercial practice normally call for such notification of the termination of a going contract relationship as will give the other party a reasonable time to seek a substitute arrangement".

We must conclude, therefore, in the absence of any fair arrangement to the contrary, that defendant was under a duty to provide reasonable notice of its intentions to terminate their agreement. Whether or not such notice was provided is of course a matter of proof.

The second prong of defendant's attack is that plaintiff can have no action for damages because the contract was terminated by mutual rescission and that said rescission appears in the pleadings. The basis of this contention is found in a letter written by plaintiff's counsel of record to defendant after the alleged wrongful acts were committed by defendant. In that letter, which has been made a part of the pleadings and is undenied, the words "mutual termination" are used by the plaintiff's representatives. This language is relied upon by defendant in asserting its position.

It is true that a claim or right arising out of a breach of contract can be discharged in whole or part without consideration by a written waiver or renunciation signed and delivered by the aggrieved party: Section 1-107 Uniform Commercial Code.

We cannot, however, conclude that this was the intent of the aforementioned letter when we read it as a whole. The language relating to mutual rescission cannot be clearly considered to be a waiver. The letter consists of three pages in which the alleged grievances of Mr. Mastrian are outlined in detail. In addition, it is clear that Mr. Mastrian's intent was to notify the defendant that because of what he considered to be the defendant's precedent wrongful conduct he no longer would consider himself bound by their previous agreement. It is not clearly such a mutual meeting of the minds relative to the disestablishment of an existing relationship as would necessarily constitute a mutual termination. The use of these words in the letter should not isolate the reasonable circumstantial context of their utilization.

Finally, it is alleged in plaintiff's reply to defendant's new matter, in which the above letter is set forth as part of its defense, that plaintiff's counsel was not authorized to act to this extent in behalf of plaintiff. Although it may well be that this allegation might be disproved, it nevertheless presents us with a basic disputed question of fact.

In view of all the foregoing it does not appear that the relative positions of the parties are so clear cut and precise that we may grant summary judgment or a judgment on the pleadings herein. It has long been the test in this Commonwealth that summary judgment or judgment on the pleadings can be granted only in those cases which are so clear and free from doubt that a trial would be fruitless: See Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, or where there is no issue as to any material fact: Michigan Bank v. Steensen, 211 Pa. Superior Ct. 405. This is not such a case.

Accordingly, we enter the following

ORDER

Now, May 1, 1968, at 3 p.m., defendant's motions for summary judgment and judgment on the pleadings are denied.