585 P.2d 336

**Dallas McCASLAND, and Sims and McCasland, a partnership, Plaintiffs-Appellants,**

v.

**Paul D. PRATHER, Defendant-Appellee.**

**No. 3342.**

Court of Appeals of New Mexico.

Sept. 26, 1978.

Glen L. Houston, Hobbs, for plaintiffs-appellants.

Maddox, Maddox & Cox, Hobbs, George J. Hopkins, Modrall, Sperling, Roehl, Harris

& Sisk, Albuquerque, for defendant-appellee.

## OPINION

LOPEZ, Judge.

The plaintiffs sued the defendant for breach of contract to purchase acid, brine and fresh water and to enjoin future breaches of contract. The defendant moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court dismissed the suit with prejudice. The plaintiffs appeal and we reverse.

The sole issue presented on appeal is whether the dismissal of plaintiffs' complaint pursuant to Rule 12(b)(6) of the New Mexico Rules of Civil Procedure, § 21–1–1(12)(b)(6), N.M.S.A. 1953 (Repl. Vol. 4, 1970) was appropriate.

The defendant in his brief posits the proceeding as a motion to dismiss for failure to state a claim under Rule 12(b)(6), and the plaintiffs posit the proceeding as a motion for summary judgment. The trial court's ruling is set out as follows:

### ORDER OF DISMISSAL

The above cause having come on before this Court on Defendant's Motion to Dismiss pursuant to Rule 12(b), the Court having considered said Motion and the Briefs filed in support and in response thereto, and having considered Plaintiff's [sic] Complaint and the contract attached thereto, and argument of counsel, and being otherwise fully advised in the premises, finds that Defendant's Motion is well taken and should be granted, and Plaintiff's [sic] Complaint fails to state a claim upon which relief can be granted, and it is, therefore,

ORDERED, that Plaintiff's [sic] Complaint be, and it hereby is, dismissed with prejudice.

It is clear from this order that the judge's order was made pursuant to a 12(b)(6) motion.

The United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) set out a rigorous test for determining whether a complaint fails to state a claim upon which relief may be granted:

> . . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. 355 U.S. at 45–46, 78 S.Ct. at 102.

■ The purpose of a motion under 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; i. e., to test the law of the claim, not the facts that support it. *Niece v. Sears, Roebuck & Co.*, 293 F.Supp. 792 (N.D. Okla. 1968). Also, in considering whether a complaint states a cause of action upon which relief may be granted, the court must accept as true all the facts which are pled. *Jones v. International Union of Operating Engineers*, 72 N.M. 322, 383 P.2d 571 (1963). Further, a motion to dismiss for failure to state a claim is granted infrequently. *International Erectors v. Wilhoit Steel Erectors & R. Serv.*, 400 F.2d 465 (5th Cir. 1968).

■ New Mexico adheres to the broad purposes of the rules and construes the rules liberally, particularly as they apply to pleading. As the New Mexico Supreme Court stated in *Carrol v. Bunt*, 50 N.M. 127, 130, 172 P.2d 116, 118 (1946):

> "The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants."

■ Generally, a complaint on breach of contract must allege: (1) the existence of a valid and binding contract; (2) the plaintiff's compliance with the contract and his performance of the obligations under it; (3) a general averment of the performance of any condition precedent; and (4) damages suffered as a result of defendant's breach. Wright and Miller, Federal Practice and Procedure: Civil § 1235 (1969).

The plaintiffs alleged in their complaint that the parties entered into a Contract for Sale of Business and Agreement not to Compete; that under the terms of the contract the defendant agreed to buy all the brine and fresh water he needed from the plaintiffs; that the defendant has refused to buy all brine and fresh water from the plaintiffs, although such has always been available to him, and although plaintiffs have specifically asked him to do so; and that plaintiffs have been damaged.

Attached to the complaint was a copy of the contract, the pertinent portions of which are set out below:

1. That Seller, for and in consideration of the sums to be paid and the covenants and agreements to be kept and performed by the Purchaser, agrees to sell to the Purchaser and the Purchaser agrees to buy from the Seller the four hot oil units . . . .

2. The Purchaser shall pay the Seller as purchase price the sum of $125,000.00, payable as follows: the sum of $100,000.00 cash, receipt of which is acknowledged by Seller, and the sum of $25,000.00, payable according to the terms of a promissory note executed separately, by which the Purchaser agrees to pay simple interest at the rate of 8 per cent per annum on said principal balance, and agrees to make payments in full of interest accrued at the end of the month of September of each year, commencing September 1972.

3. Seller agrees that for a five year period beginning on September 3, 1971, he will not, directly or indirectly . . engage in the hot oil treating service business, within a radius of 100 miles of Eunice, New Mexico.

4. To the extent that the same is permissible under New Mexico and federal law, Purchaser agrees to buy all acid he needs from McCasland Hot Oil Service and agrees to buy all brine and fresh water he needs from Sims & McCasland, a partnership.

Our inquiry on appeal is essentially limited to the contents of the complaint and the contract which was attached to it. The question, therefore, is whether, in the light most favorable to the plaintiffs, and with every doubt resolved in their behalf, the complaint states any valid claim for relief.

The defendant took the position in his motion to dismiss that under paragraph four of the contract, the defendant is obliged to buy all his acid, and fresh water from the plaintiffs, but the plaintiffs are not mutually obligated to sell the required acid and fresh water to the defendant. Thus, the defendant contends this paragraph of the contract is unenforceable because there is no mutuality of obligation or consideration.

This kind of contract is generally labeled a requirements or output contract, and defendant does not argue this point. The defendant only argues that since plaintiffs are under no obligation to sell, there is no mutuality of obligation. The Uniform Commercial Code is controlling in New Mexico and § 50A–2–306, N.M.S.A. 1953 (Repl. Vol. 8, pt. 1, 1962) reads as follows:

50A–2–306. Output, requirements and exclusive dealings.—(1) A term which measures the quantity by the output of the seller or the requirements of the buyer means such actual output or requirements as may occur in good faith, except that no quantity unreasonably disproportionate to any stated estimate or in the absence of a stated estimate to any normal or otherwise comparable prior output or requirements may be tendered or demanded.

(2) *A lawful agreement by either the seller or the buyer* for exclusive dealing in the kind of goods concerned *imposes unless otherwise agreed an obligation by the seller to use best efforts to supply the goods and by the buyer to use best efforts to promote their sale.* (Emphasis added.)

The defendant relies on *Porter and Sons v. National Distiller Products, Co.*, 324 F.2d 202 (10th Cir. 1963), a case which arose from New Mexico prior to the adoption of the Uniform Commercial Code. In that case the trial court held a lack of mutuality

existed, and after reasonable notice, the defendant could terminate the oral contract.

The *Porter* case is distinguishable. First of all, the court ruled that the contract at issue in *Porter* was not a requirements contract; secondly, the major issue in that case was whether the notice of termination was reasonable.

■ In *Gruschus v. C. R. Davis Contracting Co., Inc.*, 75 N.M. 649, 409 P.2d 500 (1965), the New Mexico Supreme Court held that an agreement wherein *one party* agrees to furnish material " 'necessary to the preparation of said concrete pavement' " was in reality a requirements contract within the meaning of § 50A–2–306(1). A lawful agreement by either seller or buyer imposes a corresponding duty on the other party under § 50A–2–306, N.M. S.A. 1953, supra.

■ Defendant also contends there was no consideration. A contract must be considered and construed as a whole, with meaning and significance given to each part in its proper context with all other parts, so as to ascertain the intent of the parties. *Schultz & Lindsay Construction Co. v. State*, 83 N.M. 534, 494 P.2d 612 (1972). In addition to paragraph four, other sections of the contract set out that the plaintiffs agree to sell certain hot oil units to the defendant, and agree not to compete with the defendant in the hot oil business. This constitutes legal consideration. *Schultz, supra*. Further, inadequacy of consideration is not, of itself, sufficient to avoid a contract in the absence of evidence of fraud. *Featherstone v. Walker*, 43 N.M. 181, 88 P.2d 271 (1939).

The defendant also argued, in the motion to dismiss hearing, that the contract was unenforceable because the price and the duration of the contract had been omitted, and in fact, were never specified by the parties.

The contract was made after the Uniform Commercial Code was adopted in New Mexico. Section 50A–2–305 and § 50A–2–309, quoted in pertinent part below, are controlling.

50A–2–305. *Open price term.*—(1) The parties . . . can conclude a contract for sale even though the price is not settled. In such a case the price is a reasonable price at the time for delivery if

(a) nothing is said as to price; or

(b) the price is left to be agreed by the parties and they fail to agree; or

(c) the price is to be fixed in terms of some agreed market or other standard as set or recorded by a third person or agency and it is not so set or recorded.

50A–2–309. *Absence of specific time provisions—Notice of termination.*—(1) The time for shipment or delivery or any other action under a contract if not provided in this article or agreed upon shall be a reasonable time.

(2) Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but unless otherwise agreed may be terminated at any time by either party.

(3) Termination of a contract by one party except on the happening of an agreed event requires that reasonable notification be received by the other party and an agreement dispensing with notification is invalid if its operation would be unconscionable.

No previous New Mexico cases have interpreted § 50A–2–305. However, in *Illinois Commerce Com'n. v. Central Ill. Pub. Serv. Co.*, 25 Ill.App.3d 79, 322 N.E.2d 520 (1975) a contract providing that an electrical cooperative would supply "necessary electrical services" to a lot and which lacked a stated price term did not make the contract unenforceable. The court held that the owner of the lot would have to pay a reasonable price.

■ As to the duration of the contract, although paragraph four of the contract at bar does not spell out the duration of the contract, this fact does not in and of itself invalidate it. As set out in § 50A–2–309, supra, in the absence of specific time provisions, the contract is valid for a rea-

sonable time. *National Civil Service League v. City of Santa Fe, N.M.*, 370 F.Supp. 1128 (D.N.M. 1973).

Plaintiffs argue that their complaint stated a claim upon which relief could be granted. Defendant argues that, even if the contract was not too indefinite and thus enforceable, under subsection two of § 50A–2–309, supra, the contract may be terminable by either party. Subsection 2 and subsection 3 of § 50A–2–309 when read together, set out that a contract is terminable at will upon reasonable notification.

 Under 8(c) of the New Mexico Rules of Civil Procedure, § 21–1–1(8)(c), N.M.S.A. 1953 (Repl. Vol. 4, 1970), the burden is on the defendant to raise any matter which will constitute an avoidance or an affirmative defense to plaintiffs' complaint. It was up to the defendant to assert that the contract was terminable at will because notice had been given. Failure of the plaintiffs to allege lack of notice in no way signifies a failure to state a claim upon which relief may be granted.

 The plaintiffs' complaint, taking all well-pleaded facts as true, states a claim upon which relief may be granted. The trial court's dismissal of the complaint with prejudice is reversed and the case remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

On September 3, 1971, McCasland sold Prather four hot oil units under Contract for Sale of Business and Agreement Not to Compete. McCasland agreed not to compete for a five-year period. The subsequent sale of McCasland products to Prather had no fixed tenure. Paragraph 4 of the contract reads:

> To the extent that the same is permissible under New Mexico and federal law, Purchaser agrees to buy all acid he needs from McCasland Hot Oil Service and agrees to buy all brine and fresh water he needs from Sims & McCasland, a partnership.

On May 28, 1976, McCasland filed a complaint against Prather and alleged:

> In violation of the terms of the Contract, defendant has failed and refused to buy all brine and fresh water from Sims & McCasland, although such brine and fresh water has been available at all times to him, and although plaintiffs have specifically requested that he do so.

The trial court ordered plaintiffs' complaint to be dismissed with prejudice for failure to state a claim upon which relief can be granted. No reasons were stated. As long as district judges and attorneys fail to insert in such judgments the basis for its conclusion, it renders no assistance to this Court. Criticism will continue to flow. Silence is golden below, but lead on appeal.

The complaint did not allege, and the contract did not provide for, any fixed tenure for Prather to purchase brine and fresh water from McCasland. A fixed tenure existed for McCasland not to compete with Prather. That tenure expired on September 3, 1976 after the complaint was filed. McCasland could then compete with Prather.

The complaint did not allege any duty of Prather to give notice of termination of the agreement to buy, if such notice may have been necessary, nor any duty of McCasland to sell Prather *ad infinitum* though its source of supply should end.

The only issue on this appeal is:

> If a written contract fails to provide any fixed tenure for Prather to buy brine and fresh water, is that portion of the contract terminable at will?

The answer is "yes." *Southwest Distributing v. Olympia Brewing*, 90 N.M. 502, 565 P.2d 1019 (1977); *Weilersbacher v. Pittsburgh Brewing Company*, 421 Pa. 118, 218 A.2d 806 (1966); *Kraftco Corporation v. Kolbus*, 1 Ill.App.3d 635, 274 N.E.2d 153 (1971); *House of Crane Incorporated v. H. Fendrich, Inc.*, 146 Ind.App. 478, 256 N.E.2d 578 (1970); *Scanlan v. Anheuser-Busch,*

*Inc.*, 388 F.2d 918 (9th Cir. 1968); *Robert Porter & Sons, Inc. v. National Distillers Prod. Co.*, 324 F.2d 202 (10th Cir. 1963); *Century Refining Company v. Hall*, 316 F.2d 15 (10th Cir. 1963); *Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482 (Mo. 1955); Annot., *"Termination by Principal of Distributorship Contract Containing No Express Provision for Termination,"* 19 A.L. R.3d 196, 264 (1968).

*Superior Concrete Accessories* said:

It is the general rule in both Illinois and Missouri, as well as elsewhere, that contracts for an indefinite period of time may be terminated at the will of either party. [284 S.W.2d at 490.]

McCasland relies solely on the Uniform Commercial Code. Section 50A–2–309(2), N.M.S.A. 1953 (Repl. Vol. 8, pt. 1) reads:

Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time *but unless otherwise agreed may be terminated at any time by either party.* [Emphasis added.]

*Weilersbacher, supra,* said:

The adoption of the Uniform Commercial Code in Pennsylvania did not change the existing law so as to aid plaintiffs' cause. [218 A.2d at 807.]

This case is directly in point, unanswered by McCasland and the majority opinion. See also, *Aaron E. Levine & Co., Inc. v. Calkraft Paper Co.*, 429 F.Supp. 1039 (E.D. Mich. 1976); *Rockwell Engrg. Co. v. Auto. Timing & Controls Co.*, 559 F.2d 460 (7th Cir. 1977).

This judgment should be affirmed.