606 P.2d 191

**James T. FORRESTER, Plaintiff-Appellant,**

v.

**Samuel B. PARKER and the Chaves County Community Action Program, Inc., Defendants-Appellees.**

**No. 12546.**

Supreme Court of New Mexico.

Feb. 11, 1980.

Kenneth B. Wilson, Roswell, for plaintiff-appellant.

Atwood, Malone, Mann & Cooter, Randal W. Roberts, Roswell, for defendants-appellees.

OPINION

EASLEY, Justice.

Forrester appeals the entry of summary judgment against him in his suit alleging

that he was unlawfully discharged from defendant Chaves County Community Action Program, Inc. (CAP) by Parker. We reverse.

At issue is whether CAP's personnel policy guide controlled the employee-employer relationship. The trial court held that it did not because Forrester was an employee at will who could be discharged even without cause. Therefore, Parker did not have to comply with the personnel policy guide's guidelines when terminating Forrester.

At the time Forrester started employment with CAP, this personnel policy guide was in effect. As provided by this guide, Forrester went through a probationary period, during which time he could have been discharged without cause. At the end of the probationary period, he was notified in writing that he had successfully completed it. Between March 1975 and March 1977, Forrester worked as a full time CAP employee. The letter of termination Forrester received in March 1977 recited that he was being terminated pursuant to paragraph XIX of the personnel policy guide. Parker stated in his deposition that the guide's general goal and purpose was as a "guide in giving directions to the staff, and it is something they can refer to as something like a standard operating procedure, so far as policy is concerned." Forrester alleges that his termination did not comport with the procedures spelled out in the guide.

We think it clear that under these circumstances the guide did control the employee-employer relationship here in question. Forrester should have and did expect Parker to conform to the procedures for terminating him as spelled out in the guide. For the guide constituted an implied employment contract; the conditions and procedures provided in it bound both Forrester and Parker. The words and conduct of the parties here gave rise to this implied contract. *Trujillo v. Chavez*, 76 N.M. 703, 417 P.2d 893 (1966); *Roan v. D.W. Falls, Inc.*, 72 N.M. 464, 384 P.2d 896 (1963).

The trial court was wrong as a matter of law in holding that the personnel policy guide did not control the employee-employer relationship between Forrester and Parker/CAP. We do not address whether or not the procedures provided in the guide were complied with; only on the basis of a full evidentiary hearing or trial can that determination be made.

We reverse and remand.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.