621 P.2d 1119

**E. B. BURKE, Plaintiff-Appellant,**

v.

**PERMIAN FORD–LINCOLN–MERCURY, Defendant-Appellee.**

**No. 13027.**

Supreme Court of New Mexico.

Jan. 12, 1981.

Glen L. Houston, Hobbs, for plaintiff-appellant.

R. E. Richards, Hobbs, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

The issue on appeal is whether the trial court erred in granting defendant-appellee's motion for dismissal for failure to state a claim under N.M.R.Civ.P. 12(b)(6), N.M.S.A. 1978 (1980 Repl. Pamp.).

This appeal involves the construction of a lease. Plaintiff-appellant Burke (Burke) is the owner of fee of land leased to defendant-appellee Permian Ford-Lincoln-Mercury (Permian). The lease provides for a primary term of one year and the following renewal provision:

That for and in consideration of the covenants and promises of the Tenant to pay rents as herein described, Tenant . . . is given the right to renew said lease for successive like terms and consideration and unless Tenant shall have given Landlord at least sixty days' written notice . . . prior to the expiration of the then

current term that Tenant will *NOT* extend the lease for an additional term, Tenant shall be deemed to have exercised the option for an extended term, and the lease shall be deemed to be extended without the execution of any further lease or other instrument.

The lease also contains a purchase option whereby $45.00 of every month's rent will be credited towards the purchase price if the option is exercised.

The parties entered into the lease in November of 1971. During the summer of 1978 and again in November of 1978, Burke gave oral notice to Permian that the lease would terminate at the end of the then current leasehold period. Permian refused to vacate and remained in possession. After the term had ended, Burke brought this action in ejectment claiming damages and costs and requesting that a writ of possession be issued by the court. Permian moved to dismiss for failure to state a claim relying on the language of the renewal provision. The motion was granted and the cause dismissed without leave to amend and with prejudice. We reverse.

The general rule concerning the applicability of Rule 12(b)(6) is stated in *Jones v. International Union of Operating Engineers*, 72 N.M. 322, 325, 383 P.2d 571, 573 (1963).

In considering whether a complaint states a cause of action, we, of course, accept as true all facts well pleaded. *Jernigan v. New Amsterdam Casualty Co.*, 69 N.M. 336, 367 P.2d 519 (1961). A motion to dismiss under Rule 12(b)(6) is properly granted only when it appears that plaintiff cannot recover or be entitled to relief under any state of facts provable under the claim. (Citations omitted.)

The well-pleaded facts are that Burke is the owner in fee of the land; that Burke notified Permian of his intent to terminate the lease prior to it being renewed; that the term of the lease ended; and that Permian refused to vacate the property. Under the New Mexico ejectment statute, Sections 42-4-1 to 42-4-30, N.M.S.A. 1978, these facts would state a claim only where Burke

316

was legally entitled to the possession of the land.

■ The very foundation of the right to maintain an action of ejectment, both at common law and under the statutory law of New Mexico, is the plaintiff's right to the possession of the premises. *Cf. Kerr-McGee Corporation v. Bokum Corporation*, 453 F.2d 1067 (10th Cir. 1972); *Osborne v. United States*, 3 N.M. 337, 5 P. 465 (1885). The legal right to possession in Burke must flow from the interpretation of the lease and, as the trial court dismissed the cause, we must assume that the trial court construed the lease as being perpetual and a relinquishment of all possessory interest in Burke.

■ The law does not favor perpetual leases and will not construe leases as conferring the right to perpetual renewals unless the language is so plain and peculiar as to leave no doubt that such was the intention of the parties. *Winslow v. Baltimore & Ohio R. Co.*, 188 U.S. 646, 23 S.Ct. 443, 47 L.Ed. 635 (1903); *Drink, Inc. v. Martinez*, 89 N.M. 662, 556 P.2d 348 (1976). An examination of the Permian lease reveals no clear and unequivocal language granting a perpetual right of renewal. The renewal grant of "successive like terms and consideration" does not necessarily imply a covenant for perpetual renewal when viewed in context with the other terms of the lease. The lease has no provision for adjustment of rentals and it contemplates the return of the premises "in a condition equivalent to that in which they were delivered." The lease fails to provide sufficient manifestation of intent that it should continue perpetually and so this Court cannot so construe the lease.

We are also influenced by the practical considerations of this case. Were we to accept the trial court's interpretation of the lease, the landlord would be placed in an untenable position whereby he would have no right to terminate the lease, no right to negotiate a fair rental price that reflects the burdens of inflation and taxation, and no means of relieving the property of its encumbrance. Without a clear manifestation of the landowner's intent to assume this position, we cannot allow a trial court to imply such intent by its construction of a poorly-written instrument.

■ It is the general rule that where the provision of renewal or continuance of a lease is stated in general terms the lease will be construed as providing for only one renewal. 50 Am.Jur.2d, *Landlord And Tenant*, § 1171 (1970). As there is no manifestation of intent regarding the renewal provision of the lease, we must resort to this general rule of construction for guidance in our interpretation of the present lease. We find that Permian leased the property for a primary term of one year and was granted a renewal period of one year, after which a tenancy from year to year arose. A tenant holding over after expiration of a lease without the landlord's assent holds on the same terms as those of the original lease, including all covenants thereof, unless made inapplicable by changed conditions. *Merrill v. Klein*, 51 N.M. 498, 188 P.2d 609 (1947). When Permian refused to vacate at the end of the current term, after receiving notice, it became a trespasser and Burke had the option to bring an action for ejectment. *See* 49 Am.Jur.2d, *Landlord And Tenant*, § 1116 (1970).

We therefore hold that the trial court erred in granting Permian's motion to dismiss because there exists a valid claim under which relief may be granted. The cause is remanded to the trial court for reinstatement on the docket and further proceedings in accordance with this opinion.

PAYNE and FEDERICI, JJ., concur.