635 P.2d 992

John **BOTTIJLISO**, Plaintiff-Appellant,

v.

**HUTCHISON FRUIT COMPANY, a New Mexico Corporation,** Defendant-Appellee,

No. 5070.

Court of Appeals of New Mexico.

Sept. 22, 1981.

Rehearing Denied Oct. 1, 1981.

David H. Pearlman, Pearlman & Diamond, P.A., Albuquerque, for plaintiff-appellant.

Rebecca Houston, Keleher & McLeod, P. A., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Judge.

The plaintiff appeals from an order of the trial court granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

Plaintiff was employed by defendant and suffered a compensable, job-related injury within the scope of his employment. He filed a claim under the Workmen's Compensation Act and obtained a judgment for benefits. Thereafter, the defendant terminated the plaintiff's employment.

Claiming a retaliatory, wrongful discharge by defendant due to his assertion of his rights to recover workmen's compensation, the plaintiff filed a separate law suit against his former employer.

Defendant moved to dismiss because the complaint failed to state a claim for relief, and following a hearing, the trial court granted the motion.

The question for decision is then: Does a cause of action exist in tort against a prior employer for discharge due to the exercise of one's rights under the Workmen's Compensation Act? This precise question has not been previously determined in New Mexico.

Appellee has denied plaintiff's allegations as to the factual basis for plaintiff's dismissal from employment, and the

merits of such contentions have not been adjudicated. It is well settled that where a trial court grants a motion to dismiss for failure to state a claim, the allegations of the complaint must be taken as true for the purposes of an appeal. *Jernigan v. New Amsterdam Casualty Co.*, 69 N.M. 336, 367 P.2d 519 (1961); *Buhler v. Marrujo*, 86 N.M. 399, 524 P.2d 1015 (Ct.App.1974). A motion dismissing a complaint under N.M.R.Civ.P. 12(b)(6) is proper only when it appears that plaintiff cannot recover or obtain relief under any state of facts provable under the claim. *Pattison v. Ford*, 82 N.M. 605, 485 P.2d 361 (Ct.App.1971).

■ New Mexico has not squarely addressed the question of whether an employee who applies for workmen's compensation benefits may be dismissed by an employer without cause and whether a complaint alleging such conduct states an actionable remedy in tort. Our courts have long adhered to the rule that an employee is terminable by an employer "at will," either without cause or for a specific reason, in the absence of a contract of employment for a definite term, or in the absence of a showing that the discharge is predicated upon a fraudulent basis. *Gonzales v. United Southwest National Bank*, 93 N.M. 522, 602 P.2d 619 (1979); *Garza v. United Child Care, Inc.*, 88 N.M. 30, 536 P.2d 1086 (1975); *Odell v. Humble Oil & Refining Co.* 201 F.2d 123 (10th Cir., 1953), cert. denied 345 U.S. 941, 73 S.Ct. 833, 97 L.Ed. 1367. Similarly, under a contract of employment "at will," it has been recognized that an employee may sever his employment at any time voluntarily. See, *Aranda v. Mississippi Chemical Corp.*, 93 N.M. 412, 600 P.2d 1202 (Ct.App.1979), cert. denied, 93 N.M. 683, 604 P.2d 821. Even under a contract for a definite term, an employer may discharge an employee where he is dissatisfied in good faith with services of the employee and the contract does not otherwise restrict grounds of discharge. *Clem v. Bowman Lumber Co.*, 83 N.M. 659, 495 P.2d 1106 (Ct.App.1972); *Odell v. Humble Oil & Refining Co.*, supra.

■ The right to employ and discharge at will has been recognized as one of the indicia of employment status in workmen's compensation cases. *American Employers' Insurance Co. v. Grabert*, 39 N.M. 173, 42 P.2d 1116 (1935); *Burruss v. B.M.C. Logging Co.*, 38 N.M. 254, 31 P.2d 263 (1934); *Burton v. Crawford & Co.*, 89 N.M. 436, 553 P.2d 716 (Ct.App.1976); *Abbott v. Donathon*, 86 N.M. 477, 525 P.2d 404 (Ct.App. 1974).

In *Odell v. Humble Oil and Refining Co.*, supra, the Federal Court first addressed the issue of whether a cause of action exists in tort against an employer who has dismissed employees hired at will in this jurisdiction. In that case, suit was brought by several employees alleging that they had been subpoenaed to appear as witnesses before a federal grand jury investigating their employer. Following the return of a criminal indictment, plaintiffs asserted that they were wrongfully discharged from their employment in retaliation for their appearance and testimony before the grand jury. In discussing such claim the court held:

> It is the universally recognized rule that in the absence of a contract or statutory provisions an employer may discharge an employee without cause or reason or for any cause or reason. So also it has been held by the overwhelming weight of authority that the discharge of an employee in violation of his contract irrespective of the motive therefor constitutes only a breach of contract and not a tort and that the recoverable damages are limited to those flowing from the contractual breach and that no punitive damages are recoverable no matter what the motive that prompted the discharge. The only exception to the rule is where the wrongful discharge is tinctured with fraud. But for obvious reasons motive for discharge alone does not partake of any of the elements necessary to constitute fraud.

201 F.2d at 128.

In *Jones v. International Union of Operating Engineers*, 72 N.M. 322, 383 P.2d 571 (1963), a suit founded upon contract, the

Supreme Court reiterated an employer's right to discharge an employee at any time, whether for just cause or not, unless that right is restricted by a contractual limitation or other valid basis. In *Jones*, however, the court noted an exception, observing that an individual employee may enforce a collective labor agreement between the union as bargaining representative and the employer, where such agreement is found to have created a third-party beneficiary status in favor of the employee.

More recently, the court recognized that, although an employee could be discharged for no reason, a statutory cause of action arises under 42 U.S.C. § 1983 (1976) if the discharge was due to the employee's exercise of constitutionally protected rights. *Jacobs v. Stratton*, 94 N.M. 665, 615 P.2d 982 (1980).

Another exception recognized by the courts, limiting an employer's right to discharge an employee hired "at will," is where the discharge is for a reason prohibited by the National Labor Relations Act. *N.L.R.B. v. Standard Coil Productions Co.*, 224 F.2d 465, (1st Cir. 1955) cert. denied 350 U.S. 902, 76 S.Ct. 180, 100 L.Ed. 792, 51 A.L.R.2d 1268. The Federal Equal Employment Opportunity Act, 42 U.S.C. § 2000e (1976), also offers protection to an employee against retaliatory acts, including termination, following an employee's assertion of discriminatory practices exercised by an employer in violation of the act, 42 U.S.C. § 2000e–3.

Appellant concedes that New Mexico has not previously recognized the existence of a cause of action in tort for wrongful discharge of an employee at will. He argues that such action should be judicially sanctioned on grounds of public policy. A similar argument was dealt with in *Chin v. American Telephone and Telegraph Co.*, 96 Misc.2d 1070, 410 N.Y.S.2d 737 (Sup.Ct. 1978). The employee was allegedly discharged in retaliation for his political beliefs and associations. There the court observed:

> The last theory upon which plaintiff seeks relief is the doctrine of abusive discharge. Although it does not appear that this doctrine has been recognized in this state, it is appropriate, on a motion of this nature, to examine the elements of the cause of action to determine whether the complaint alleges sufficient facts upon which relief may be granted at trial. Since plaintiff is proceeding on a cause of action not presently recognized in this state, he bears a heavy burden of demonstrating that this new cause of action should be adopted.
>
> The doctrine of abusive discharge, where it has been advocated in law review articles or adopted, limits the right of an employer to discharge an employee at will. This doctrine is implied by operation of law as an additional condition of the contract similar to the restrictions imposed by the Equal Employment Opportunity provisions of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]. See generally, Note, A Common Law Action For The Abusively Discharged Employee, 26 Hastings L.J. 1435 (1975); *Sventko v. Kroger Co.*, 69 Mich.App. 644, 245 N.W.2d 151 (1965). Under this theory the interest of the employer in the exercise of his unfettered right to terminate the employee under a contract at will is balanced against the interest of the community in upholding its laws in public policy. *Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).
>
> At the threshold, the doctrine of abusive discharge places upon the plaintiff the burden of pursuading this court that (1) there is a public policy of this state that (2) was violated by the defendant. Plaintiff herein *has not sufficiently demonstrated that public policy, derived from or borrowed on New York constitutional, statutory or decisional law, exists that would restrict the right of the private employer to discharge an employee at will. . .*
>
> This is not to say that such public policy does not exist; it merely is to say that plaintiff herein has not sustained his bur-

den of persuasion. While this court is not adverse to recognizing new causes of action or defenses where clearly warranted. (*Parkwood Realty Co. v. Marcano*, 77 Misc.2d 690, 353 N.Y.S.2d 623 (1974)), such recognition should be given upon substantial showing which has not been made here. (Emphasis added).

410 N.Y.S.2d at 740–742.

The courts of other jurisdictions which have addressed this same issue in workmen's compensation cases have reached diverse results. The courts of Indiana, Michigan, Illinois, Oregon, and New Jersey have expressly recognized the existence of a cause of action in tort in such cases.[1] Contrary decisions have been handed down by courts in Alabama, Louisiana, Mississippi, South Carolina, Florida, North Carolina, and Missouri.[2] An annotation of cases on this subject is set forth at 63 A.L.R.3d 979 (1975).

The states of North Carolina and Missouri have predicated their rejection of the existence of tort claims in workmen's compensation cases for retaliatory discharge on the ground that such courts felt the issue was more appropriately a matter within the legislative prerogative rather than the judiciary. *Dockery v. Lampart Table Co.*, 36 N.C.App. 293, 244 S.E.2d 272 (1978), cert. denied 295 N.C. 465, 246 N.E.2d 215; *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122 (1956). California and Texas, although recognizing the validity of such tort claims, expressly support such actions upon the existence of specific statutory authority found in those jurisdictions. *Raden v. City of Azusa*, 97 Cal.App.3d 336, 158 Cal.Rptr. 689 (1979); *Texas Steel Co. v. Douglas*, 533 S.W.2d 111 (Tex.Civ.App.1978); *Smith v. Coffee's Shop for Boys & Men, Inc.*, 536 S.W.2d 83 (Tex.Civ.App.1976).

Tracing the history of the New Mexico workmen's compensation laws, it is apparent that this state joined the ranks of other jurisdictions that enacted workmen's compensation legislation in 1917. (Laws 1917, Ch. 83, §§ 1–24). This legislation has undergone periodic extensive revision and recodification.

Our review of the New Mexico workmen's compensation law indicates that the legislature has not expressly adopted any statutory provisions touching upon the issue presented here. The legislature, however, has in the Human Rights Act (§ 28–1–1, N.M.S.A. 1978 et seq.), adopted legislation expressly prohibiting certain unlawful discriminatory practices on the part of employers against their employees.

Section 28–1–7 of the Human Rights Act provides in part as follows:

It is unlawful discriminatory practice for:

A. An employer, unless based on a bonafide occupational qualification, to refuse to hire, to discharge, to promote or demote or to discriminate in matters of compensation against any person otherwise qualified because of race, age, religion, color, national origin, ancestry, sex or physical or mental handicap:

. . . .

I. any person or employer to: (1) aid, abet, insight, compel, or coerce the doing of any unlawful discriminatory practice, or to attempt to do so; (2) *engage in any form* of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or who has filed a complaint, testified or participated in any proceeding under the Human Rights Act; or (3) willfully obstruct or prevent any person from complying

---

1. *Frampton v. Central Indiana Gas*, 260 Ind. 249, 297 N.E.2d 425 (1973); *Sventko v. Kroger Co.*, 69 Mich.App. 644, 245 N.W.2d 151 (1976); *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill. Dec. 559, 384 N.E.2d 353 (1978); *Brown v. Transcon Lines*, 284 Or. 597, 588 P.2d 1087 (1978); *Lally v. Copygraphics*, 173 N.J.Super. 162, 413 A.2d 960 (1980).

2. *Martin v. Tapley*, 360 So.2d 708 (Ala.1978); *Stephens v. Justiss-Mears Oil Co.*, 300 So.2d 510 (La.App.1974); *Green v. Amerada-Hess*, 612 F.2d 212 (5th Cir. 1980); *Raley v. Darling Shop*, 216 S.C. 536, 59 S.E.2d 148 (1950); *Segal v. Arrow Indus.*, 364 So.2d 89 (Fla.App.1978); *Dockery v. Lampart Table Co.*, 36 N.C.App. 293, 244 S.E.2d 272 (1978), cert. denied 295 N.C. 465, 246 S.E.2d 215; *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122 (1956).

with the provisions of the Human Rights Act, or to resist, prevent, impede or interfere with the commission of any of its members, staff, or representatives in the performance of their duties under the Human Rights Act. (Citations omitted, emphasis supplied).

Under the above act an employee who has been terminated from his employment for any of the reasons proscribed therein, has been provided an avenue for relief for such wrongful dismissal.

Our court has noted with approval the practice of New Mexico employers in providing injured employees with light duty work following incurrence of injuries, and the sympathetic manner with which some employees, despite their inability to perform certain tasks, have been retained on the payroll following their injuries. *Clymo v. United Nuclear Cor.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980). While recognition has been given to commendable practices on the part of certain employers toward injured employees, the courts in New Mexico have not judicially restricted the right of an employer to terminate an employee hired "at will" except where the dismissal is predicated upon a fraudulent basis. *Odell v. Humble Oil and Refining Co.*, supra.

A growing number of state legislative bodies have examined this question. They have seen fit to enact legislation restricting the right of employers to terminate employees who have sought in good faith to seek redress under their workmen's compensation statutes and have been discharged. As noted in 2A A. Larson, Workmen's Compensation Law, § 68.36 (Cum.Supp.1981), "[S]pecific antiretaliation clauses are increasingly common in modern legislation such as civil rights and fair employments acts...."

This state's legislature has enacted comprehensive statutory provisions declaring certain types of conduct to be against public policy; we think this evinces a desire upon the part of the legislature to restrict the right of termination by an employer of an employee only in those areas specifically covered by legislative declaration. See, *In Re Attorney General*, 2 N.M. 49 (1881); 2A C. Sands, Sutherland Statutory Construction §§ 47.23–47.24 (4th Ed. 1973). The wisdom of adopting the relief advocated by appellant is best evaluated by the legislative branch and the determination of the appropriate format for such proposed legislative change, if any, is best weighed by the legislature. *Hall v. Budagher*, 76 N.M. 591, 417 P.2d 71 (1966).

The sagacity of making changes in workmen's compensation statutes, or rights created thereunder, has been generally held to be outside the province of the courts. *Pedrazza v. Sid Fleming Contractor, Inc.*, 94 N.M. 59, 607 P.2d 597 (1980); *Sanchez v. Bernalillo County*, 57 N.M. 217, 257 P.2d 909 (1953). Moreover, our courts have held that the Workman's Compensation Act is sui generis. It creates exclusive rights, remedies and procedures. *Casias v. Zia Co.*, 94 N.M. 723, 616 P.2d 436 (1980). In at least one instance, the court refused to create a new cause of action for employer subrogation tangential to the act. *Security Insurance Co. of Hartford v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975).

The Courts in New Mexico have not hesitated to recognize the existence of new causes of action or to abolish certain common law defenses where public policy or statutory grounds are found to warrant such judicially sanctioned change. *F & T Co. v. Woods*, 92 N.M. 697, 597 P.2d 745 (1979), (recognizing as viable actions in tort, negligent hiring and negligent retention); *Hicks v. New Mexico Highway Comm.*, 88 N.M. 588, 544 P.2d 1153 (1976), (abolishing the doctrine of sovereign immunity); *Williamson v. Smith*, 83 N.M. 336, 491 P.2d 1147 (1972) (abolishing defense of assumption of risk); *Claymore v. City of Alb.*, 96 N.M. 682, 634 P.2d 1234 (20 N.M. Bar Bulletin 75 (1981) (abolishing defense of contributory negligence); *Stotlar v. Hester*, 92 N.M. 26, 582 P.2d 403 (Ct.App.1978) (recognizing tort of negligence by words). Nevertheless, in light of New Mexico's long standing recognition of the "at will" rule, the issue of whether a new cause of action should be recognized in this state for retali-

atory dismissal is more appropriately addressed to the state legislature than to the judiciary.

Based upon the foregoing, the ruling of the trial court is affirmed. Costs to appellant.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.