687 P.2d 1038

**Pete B. VIGIL, Petitioner,**

v.

**Ernesto ARZOLA, Jr. and Tierra Del Sol Housing Corporation, Respondents.**

**No. 15037.**

Supreme Court of New Mexico.

Sept. 21, 1984.

Martin, Cresswell & Hubert, Stephen A. Hubert, Stephen E. Hosford, Las Cruces, for petitioner.

Anthony F. Avallone, Las Cruces, for respondents.

**OPINION**

SOSA, Senior Justice.

This is a termination of employment suit brought by plaintiff Pete Vigil (Vigil) against defendants Tierra Del Sol Housing Corporation (TDS) and the TDS director, Ernesto Arzola (Arzola).

Although three causes of action were brought before the district court, we have only one cause of action before us on certiorari, Vigil's claim that Arzola and TDS breached his employment contract.

The trial court, at the conclusion of all evidence, dismissed the breach of contract cause of action by granting a Rule 12(b)(6) motion, failure to state a claim upon which relief can be granted. NMSA 1978, Civ. P.R. 12(b)(6) (Repl.Pamp.1980). The Court of Appeals affirmed the trial court as to this cause of action. We reverse.

The facts are recited in full in the Court of Appeals decision. We will review them briefly. Defendant TDS is a nonprofit tax exempt corporation, that is primarily federally funded. It was established to offer home building assistance to low income persons. Arzola, as TDS director, was responsible for the day-to-day operation. Plaintiff Vigil was an employee of TDS for less than six months when he criticized, in letters to government officials, certain corporate procedures including the spending of public funds. Among the things he alleged were: payment by Arzola to himself and a bookkeeper of unauthorized salaries; use of federal monies to purchase personal food and liquor; unauthorized signatures on corporate documents; nepotism and other irregularities. Following the criticism, Arzola terminated Vigil. The decision to terminate Vigil was reversed by the TDS Personnel Committee, but upheld by the Board of Directors of TDS. Vigil then filed this suit.

**Rule 12(b)(6)**

■ The question is procedural. The trial court, by granting the motion, ruled the plaintiff did not state a claim recognized under New Mexico law. Dismissal of a

contract claim on a Rule 12(b)(6) motion is a legal, not evidentiary, determination. *McCasland v. Prather,* 92 N.M. 192, 585 P.2d 336 (Ct.App.1978). *McCasland* states:

> The purpose of a motion under 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; i.e., *to test the law of the claim, not the facts that support it.* [Citation omitted.] Also, in considering whether a complaint states a cause of action upon which relief may be granted, *the court must accept as true all the facts which are pled.* [Citation omitted.] Further, a motion to dismiss for failure to state a claim is *granted infrequently.* [Citation omitted.] (Emphasis added.)

*Id.* at 194, 585 P.2d at 338; *see also Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 791, 635 P.2d 992, 993 (Ct.App.1981); *see, e.g., Burke v. Permian Ford-Lincoln-Mercury,* 95 N.M. 314, 621 P.2d 1119 (1981) (remand of R. 12(b)(6) motion in a lease dispute).

Recently, we reviewed the elements of a Rule 12(b)(6) motion. *Environmental Improvement Division of the New Mexico Health and Environment Department v. Aguayo,* 99 N.M. 497, 660 P.2d 587 (1983). In *Aguayo* we held as controlling the principles in *McCasland.* Additionally, we stated:

> A Rule 12(b)(6) motion is *only* proper when it appears that plaintiff can neither recover nor obtain relief under any state of facts provable under the claim [citation omitted] * * * [and] the allegations pleaded in the complaint must be taken as true for purposes of an appeal. [Citations omitted.]

*Id.* at 499, 660 P.2d at 589.

For the purposes of appeal from the granting of a Rule 12(b)(6) motion, the facts pleaded in this complaint which must be taken as true are: 1) Vigil was an employee of the defendant; 2) he was fired without being afforded the procedures set forth in the defendant's personnel manual and 3) this was a breach of Vigil's employment contract.

After reviewing the record and taking the allegations pleaded as true, we determine the complaint states a claim upon which relief may be granted.

We reverse the dismissal of a breach of contract claim by the trial court and remand for a new trial on that cause of action.

IT IS SO ORDERED.

FEDERICI, C.J., and WALTERS, J., concur.

RIORDAN and STOWERS, JJ., dissent.

STOWERS, Justice, dissenting.

I respectfully dissent from the opinion of the majority. The majority has concluded that Vigil was fired without following the procedures contained in the personnel manual. Under the holding of *Forrester v. Parker,* 93 N.M. 781, 606 P.2d 191 (1980), Vigil was not entitled to the procedures in the personnel manual.

In *Forrester,* this Court held that a personnel policy manual constituted an implied contract of employment for a non-probationary (i.e., permanent) employee. The majority opinion, in effect, extends the holding of *Forrester* to the plaintiff, a probationary employee, without a rational discussion of that case and without consideration of the concept of "termination at will" as applied to probationary or non-contractual employees. *See, e.g., Jones v. International Union of Operating Engineers,* 72 N.M. 322, 383 P.2d 571 (1963); *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 635 P.2d 992 (Ct.App.1981). By ignoring the law of these cases, the majority have failed "to test the law of the claim * * *," *McCasland v. Prather,* 92 N.M. 192, 194, 585 P.2d 336, 338 (Ct.App.1978), under NMSA 1978, Rule 12(b)(6) (Repl.Pamp. 1980).

The majority opinion clouds the prior termination at will cases of this Court without overruling or distinguishing those cases. The majority concludes as a matter of fact that there was a breach of contract. In *Gonzales v. United Southwest National Bank,* 93 N.M. 522, 602 P.2d 619 (1979),

this Court held that an employment contract for an indefinite period with the payment of wages as the only consideration for the performance of duties, was "terminable at the will of either party." 93 N.M. at 524, 602 P.2d 621. Under *Gonzales*, there is no contract between Vigil and the defendants other than the conditions of termination at will by either party. These conditions were exercised by the defendants, and there exist no other conditions upon which to base a claim for breach of contract.

I would affirm the trial court on the breach of contract claim and the wrongful discharge claim, and I would reverse the trial court on the claim under 42 U.S.C. Section 1983 (1981).

RIORDAN, J., concurring.