**Richard D. ELLIS, Plaintiff-Appellant,**

v.

**EL PASO NATURAL GAS COMPANY, Defendant-Appellee.**

No. 84–1095.

United States Court of Appeals, Tenth Circuit.

Feb. 11, 1985.

Thomas J. Hynes of Hynes & Hale, Farmington, N.M., for plaintiff-appellant.

Harold H. Young, Jr., Houston, Tex., and Bruce L. Herr of Montgomery & Andrews, P.A., Santa Fe, N.M., for defendant-appellee.

Before BARRETT, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore submitted without oral argument.

This action was begun in state court and removed to federal court on diversity grounds. Appellant-plaintiff alleges that he was constructively discharged. He says that the discharge was retaliatory and in violation of his contract. The trial court dismissed the action on both grounds. He appeals. We affirm.

For the purposes of this appeal, the facts alleged by plaintiff are considered undisputed. Plaintiff had been employed by the appellee-defendant, El Paso Natural Gas Company (El Paso) for almost thirty years when he had a dispute with his supervisor. Using the problem solving procedures set out in El Paso's Personnel Manual, plaintiff appealed the supervisor's decision. El Paso retaliated against him by denying promotions and pay increases, demoting him and forcing his constructive discharge. The trial court first dismissed plaintiff's claim based on retaliatory discharge and later granted summary judgment for the defendant on plaintiff's claim based on breach of contract.

■ A dismissal under Fed.R.Civ.P. 12(b)(6) cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to recover." *Kensell v. State of Oklahoma,* 10 Cir., 716 F.2d 1350, 1351. On a motion for summary judgment under Rule 56, a party moving for summary judgment must demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment beyond a reasonable doubt. *Brown v. Parker-Hannifin Corp.,* 10 Cir., 746 F.2d 1407, 1411.

Plaintiff alleges that, as a result of his not receiving a pay increase granted all other employees of the company, he took advantage of the grievance procedure set forth in defendant's personnel policy and appealed the decision of the supervisor. In retaliation the company denied him pay increases, demoted him and his retirement benefits were reduced.

The trial court found that plaintiff's claim in tort for a retaliatory discharge was barred by *Bottijliso v. Hutchison Fruit Company,* App., 96 N.M. 789, 635 P.2d 992, in which the New Mexico Court of Appeals declined to recognize a cause of action for retaliatory discharge. Id. 635 P.2d at 997–998. In a later case, decided after the trial court's decision, *Vigil v. Arzola,* N.M. Court of Appeals, No. 5921, held that a cause of action for retaliatory discharge was available under certain circumstances, namely when the discharge violated public policy. (Note. The decision of the New Mexico Court of Appeals is not published. It is set out as an appendix to defendant's brief, pp. 20, et seq. The case was reversed by the New Mexico Supreme Court as to the contract claim. 101 N.M. 687, 687 P.2d 1038. The quotation which follows is from p. 28 of the appellee's brief.) The Court of Appeals said:

> "... we believe that a cause of action should exist when the discharge of an employee contravenes some clear mandate of public policy. We do not abrogate the at will rule; we only limit its application to those situations where the employee's discharge results from the employer's violation of a clear public policy."

The rule was given prospective application only. Id. at 33.

■ The plaintiff admits that his discharge did not involve public policy considerations. He argues that the New Mexico courts would recognize the tort of retaliato-

# 886

ry discharge in a situation involving a non-public policy discharge if presented with the facts of his case. His argument is based on the language of Vigil and the current trend in this country. The New Mexico court thoroughly reviewed existing authority and legal commentary. It limited its holding to cases involving discharges which contravene public policy. We cannot accept plaintiff's contention that New Mexico would, if faced with plaintiff's case, extend the tort of retaliatory discharge to cover discharges not involving public policy considerations. The trial court properly dismissed the retaliatory discharge claim.

Plaintiff argues that the defendant assured him that it would continue to provide him with wage increases and promotions if he performed his work satisfactorily. R. 10. The trial court stated in its order of June 14, 1983, denying the motion to dismiss the breach of contract claim, that, assuming the plaintiff could prove these assurances, they might constitute a binding employment contract. Plaintiff's deposition was taken and he filed an affidavit setting forth the provisions of the Personnel Manual on which he relied. The court held that he had failed to prove his allegations and granted defendant's motion for summary judgment.

Plaintiff relies on the following provisions of the Personnel Manual:

## "COMPENSATION ADMINISTRATION

The Company will maintain a balanced compensation program applicable to all employees clearly relating to the skill, responsibility, experience and knowledge requirements of each position; performance of assigned duties; and competitive pay rates and salary ranges within the industry and operational area for comparable work.

The objective of this policy is to attract, motivate and retain the caliber of individuals required for effective operation and to remunerate all employees in return for the fulfillment of their responsibilities."

Deposition of plaintiff, App. 2, p. 1.

The Personnel Manual says that the company "will sever the employment relationship in a fair and consistent manner" and "will establish a fair and consistent method" to resolve employee disputes relating to employment. R. 31, 33.

Plaintiff stated in his affidavit, R. 29, that over the years the defendant's executives had stated that all employees would be treated fairly regarding wage increases and promotions in order to discourage union activities. He said that he relied on these statements in refraining from union activities. He also said that it was the defendant's practice to always deal fairly with employees regarding wage increases and promotion. R. 29–30.

New Mexico recognizes implied contracts of employment. In *Forrester v. Parker*, 93 N.M. 781, 606 P.2d 191, 192, the court held that the employee did expect the employer to conform to the procedures for terminating him as set out in the personnel policy guide. In *Hernandez v. Home Education Livelihood Program, Inc.*, App., 98 N.M. 125, 645 P.2d 1381, 1384, cert. denied 98 N.M. 336, 648 P.2d 794, the court held that the employee could reasonably expect the employer to conform to the procedures outlined in the personnel guide.

We agree with the trial court when it said that the provisions of the Personnel Manual, R. 37,

"... are too indefinite to constitute a contract. There is a total lack of specific contractual terms which might evidence the intent to form a contract. The language is of a non-promissory nature and merely declaration of defendant's general approach to the subject matter discussed."

The court did not err in granting summary judgment on the implied contract issue.

Affirmed.