David L. PARKER, Plaintiff,

v.

JOHN Q. HAMMONS HOTELS, INC., a Maryland corporation, d/b/a Holiday Inn Pyramid Hotel and Convention Center, Defendant.

No. CIV 93–0038 MV/DJS.

United States District Court,
D. New Mexico.

April 26, 1994.

Michael W. Wile, Tucumcari, NM, for plaintiff.

Timothy C. Holm, Geoffrey D. Rieder, Albuquerque, NM, for defendant.

## *MEMORANDUM OPINION AND ORDER*

VAZQUEZ, District Judge.

THIS MATTER is before the Court on Defendant, John Q. Hammons Hotels, Inc.'s, (Hammons Hotels), Motion for Summary Judgement on Counts I and III of Plaintiff, David L. Parker's (Parker) Complaint, and Plaintiff's claims for punitive damages. The Court has considered Defendant's Motion, filed Dec. 13, 1993, Plaintiff's brief in response, filed Jan. 11, 1994 and Defendant's reply brief filed Jan. 18, 1994, and relevant authority, and has been fully advised.

The Court finds Defendant's Motion for Summary Judgment on Count I is not well-taken and will be **denied.** Defendant's Motion for Summary Judgment on Count III is well-taken and will be **granted.** Defendant's Motion for Summary Judgment on Plaintiff's claim for punitive damages is not well-taken and will be **denied.**

### FACTUAL BACKGROUND

This is an action brought by David L. Parker seeking damages against his former employer, John Q. Hammons Hotels. This action was narrowed in scope by Stipulated Order of Partial Dismissal entered July 27, 1993.[1] Defendant now seeks Summary

---

1. The Stipulated Order of Partial Dismissal dismissed Plaintiff's claims of prima facie tort, breach of implied covenant of good faith founded in tort (leaving its sole basis in the breach of

Judgement on the remaining claims of breach of an implied contract of employment and its corresponding implied covenant of good faith and fair dealing or alternatively for retaliatory discharge in violation of public policy against sex discrimination embodied in the New Mexico Human Rights Act. Compl. ¶¶ 11 & 15.

Parker was first employed by Hammons Hotels as a beverage manager beginning in 1988, at its Fort Collins, Colorado, hotel. Compl. ¶ 4. In December 1989, Hammons Hotels extended to Parker an offer to transfer to the Holiday Inn Pyramid in Albuquerque, New Mexico, to participate as a management trainee in the facility's Management Trainee Program (MTP). Compl. ¶ 5. Parker accepted the offer and transferred to the Pyramid in February 1990. Hammons Hotels terminated Parker two years later, on February 8, 1992, for allegedly making a profane statement to a fellow employee and for other misconduct.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 56(c) provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Upon such a showing,

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Id.*; Fed.R.Civ.P. 56(e). Viewing the evidence in the light most favorable to the non-movant, there is no issue for trial unless the Court finds sufficient evidence to support a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

Summary Judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* In the language of the rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

## DISCUSSION

### *Count I—Breach of Implied Employment Contract*

■ In his Complaint, Plaintiff asserts that Defendant breached its implied employment contract in the following ways: by failing or refusing to train Parker as promised; failing or refusing to afford Parker his contractually mandated due process rights; by terminating Parker's employment without just cause; and in failing or refusing to pay Parker holiday pay to which he was entitled. Compl. ¶ 11.

Although Plaintiff alleges several breaches by Hammons Hotels, the briefs submitted by the parties on this Motion rely solely on New Mexico case law dealing with allegations that an employer has terminated an employee in violation of an implied contract term providing that the employee will only be terminated for just cause. Therefore, for purposes of this Motion, the Court's analysis focuses on the Plaintiff's claim that Defendant breached an implied contract of employment regarding termination.

■ The general rule in New Mexico is that an employment contract is for an indefinite period and is terminable at the will of either party unless the contract is supported by consideration beyond the performance of duties and payment of wages, or there is an express contractual provision stating other-

contract claim), and wrongful discharge based

on free speech principles.

**470**

wise. *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665 at 668, 857 P.2d 776 at 779 (1993) (*citing Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 730, 749 P.2d 1105, 1109, *cert denied*, 488 U.S. 822, 109 S.Ct. 67, 102 L.Ed.2d 44 (1988). Such an at-will employment relationship can be terminated by either party, at any time, for any reason or no reason, without liability. *Id.*

■ However, New Mexico has recognized as an exception to this at-will employment rule, the existence of an implied contract term that restricts the employer's power to discharge and requires that just cause exist before an employer can terminate an employee. *Id.* A promise, or offer, that supports an implied contract might be found in written representations such as an employee handbook, in oral representations, in the conduct of the parties, or in a combination of these representations and conduct. *Id.*, 115 N.M. at 669, 857 P.2d at 780; *See also Forrester v. Parker*, 93 N.M. 781, 782, 606 P.2d 191, 192 (1980); *Lukoski v. Sandia Indian Management Co.*, 106 N.M. 664 at 665–67, 748 P.2d 507 at 508–10 (1988) (personnel manuals or employee handbook provisions may give rise to an implied employment contract.)[2]; *Kestenbaum v. Pennzoil Co.*, 108 N.M. 20, 24, 766 P.2d 280, 284 (1988) (implied employment contract is based on the words and conduct of the parties; absent an employee handbook, oral statements may be sufficient.)

■ An implied contract is created only where the promise which the employee relies on is sufficiently explicit to give rise to reasonable expectations of termination for good cause only. *Hartbarger*, 115 N.M. at 672, 857 P.2d at 783. An employer creates expectations by establishing policies or making promises. The reasonableness of expectations is measured by just how definite, specific, or explicit has been the representation or conduct relied upon. *Id.*

■ "In overcoming the [employment at will] presumption, it is not any single act, phrase or expression, but the totality of all of these, given the circumstances and the parties' situation and objectives, which will control." *Kestenbaum*, 108 N.M. at 26, 766 P.2d at 286.

Defendant, Hammons Hotels, has failed to demonstrate the absence of a genuine issue of material fact, with regard to Plaintiff's claim for breach of an implied contract of employment. The material facts are whether Hammons Hotels by its conduct or statements, written or oral, created policies or promises sufficiently explicit such that an employee would rely on them, and give rise to an implied contract of employment, as set out above.

Defendant does not allege that those facts are undisputed, but instead points to the existence of contractual disclaimers in its written offers of employment to Plaintiff and in its Employee Handbook alleging that those facts are undisputed and entitle it to summary judgment.

The Tenth Circuit Court of Appeals interpreting New Mexico law has held that "a contractual disclaimer does not automatically negate a document's contractual status and must be read by reference to the parties' norms of conduct and expectations founded upon them." *Zaccardi v. Zale Corp.*, 856 F.2d 1473, 1476–77 (10th Cir.1988) (*quoting Hillis v. Meister*, 82 N.M. 474, 477, 483 P.2d 1314, 1317 (App.1971)).

■ Thus, the existence of a contractual disclaimer is not enough to defeat a finding of an implied employment contract; therefore, it is immaterial for purposes of establishing entitlement to summary judgment. In addition, it should be noted that Plaintiff's understanding of what the disclaimers meant regarding his job security is in dispute. Plaintiff demonstrated by reference to his deposition testimony that an issue exists regarding whether he understood the disclaimers to mean he could be fired at will for no reason.

Defendant next argues that if there was an implied contract of employment it was not breached because Defendant had justifiable

**2.** Whether an employee handbook has modified the employment relationship so as to give rise to an implied employment contract is a question of fact to be discerned from the totality of the parties' statements and actions regarding the employee relationship.

reasons for terminating Plaintiff. Because the existence of an implied contract must be established prior to inquiry into whether a breach occurred, the Defendant's alleged undisputed facts negating a breach are immaterial for purposes of this Motion.

■ In any event, under an implied contract requiring that the employee only be terminated for good cause, the employer must have reasonable grounds to believe that sufficient cause exists to justify the termination. *Kestenbaum*, 108 N.M. at 27, 766 P.2d at 287. The reasonableness of Defendant's belief that termination was proper is disputed here and, therefore, is a fact question properly left to the jury and cannot be determined on Summary Judgment.

Viewing the evidence in the light most favorable to the non-moving party, the Court finds that the Plaintiff has established the existence of triable issues preclusive of summary judgment on his claim for breach of an implied contract of employment.

### Count III—Retaliatory Discharge

■ In the alternative to his implied contract claim, Plaintiff asserts that he was terminated in violation of New Mexico public policy and brings an action for retaliatory discharge, the additional exception to "at will" employment in this state.

Beginning with a 1983 decision in *Vigil v. Arzola*, New Mexico has recognized the tort of retaliatory discharge, which provides an employee relief when he is discharged not because of his employer's genuine dissatisfaction with his job performance, but rather for refusing to act in an unlawful manner or for attempting to perform a lawful duty. 102 N.M. 682, 687, 699 P.2d 613, 618 (App.), *rev'd in part on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1983), *overruled in part on other grounds, Chavez v. Manville Products Corp.*, 108 N.M. 643, 777 P.2d 371 (1989).

In creating the cause of action, the *Vigil* court acknowledged and reaffirmed the importance of an employer's right to discharge an employee when it is in the best interest of the business. *Id.*, 102 N.M. at 687, 699 P.2d at 618.

■ Plaintiff has failed to establish a claim for retaliatory discharge because his factual allegations do not meet the necessary elements of such a claim. For an employee to recover under this tort, the employee must demonstrate that he was discharged for either of the following reasons: (1) because he performed an act that public policy has authorized or would encourage; or (2) because he refused to do something required of him by his employer that public policy would condemn. *Shovelin v. Central New Mexico Electrical Cooperative, Inc.*, 115 N.M. 293, 303, 850 P.2d 996, 1006 (1993) (*quoting Chavez*, 777 P.2d at 375). "The linchpin of a cause of action for retaliatory discharge is whether by discharging the complaining employee the employer violated a clear mandate of public policy." *Id.*

Plaintiff has not pointed to any act which he did or did not do, in furtherance of public policy, as the basis for his termination. Rather, Plaintiff points to his employer's action in firing him, allegedly due to his sex, as violating public policy. There is no allegation that Defendant's actions were in retaliation for an act by the Plaintiff.

In *Vigil*, the Plaintiff was allegedly terminated after he made statements criticizing certain corporate procedures of his employer, including the expenditures of public funds. *Id.* The many cases which have relied on *Vigil* all involved allegations that an employer terminated the employee *in retaliation* for something the employee did or refused to do. *See e.g., Silva v. Alb. Assembly & Dist. Freeport Warehouse Corp.*, 106 N.M. 19, 738 P.2d 513 (1987) (employee alleged she was terminated for complaining about unhealthy working conditions and fraudulent charging practices of employer.); *Chavez*, 108 N.M. 643, 777 P.2d 371 (employee alleged he was terminated for refusing to participate in political lobbying efforts of employer, and for protesting the unauthorized use of his name in such efforts.); *Shovelin*, 115 N.M. 293, 850 P.2d 996 (employee alleged he was terminated for being elected mayor).

■ The dictionary meaning of retaliate is "to return like for like, especially evil for evil; to pay back for an injury in kind; punishment in kind." Am. Heritage Dict.,

3rd Ed. The very meaning of the term makes clear that the claim is based on the wrongful termination by an employer to pay back or get even with an employee for performing an act or refusing to act, with public policy being in favor of the employee and against the employer.

To allow Plaintiff's claim on the facts presented here would be to expand the claim to cover *any* discharge by an employer. The New Mexico Supreme Court has refused to extend the claim beyond the limited application, recognized in *Vigil,* of those situations where the employee's discharge results from the employer's violation of a clear public policy.

In *Silva,* the court declined to allow recovery under both retaliatory discharge and breach of contract, reasoning that the retaliatory discharge cause of action was recognized as a narrow exception to the terminable at-will rule, providing a remedy for those employees not protected from wrongful discharge by an employment contract. 738 F.2d at 515. The court determined that if so protected, the retaliatory discharge cause of action was inapplicable. *Id.*

In addition, this district has refused to recognize a claim for retaliatory discharge in violation of public policy where the legislation recognizing the public policy also establishes a remedy. *Salazar v. Furr's, Inc.,* 629 F.Supp. 1403 (D.N.M.1986). "Where a remedy other than [the wrongful discharge] tort is available to Plaintiff to redress the discharge, the policy which underlies New Mexico's recognition of the tort, that of softening the terminable at will rule, does not favor recognizing a cause of action." *Id.*

In *Salazar,* the Plaintiff similarly brought an action based in part on sex discrimination seeking damages under both Title VII and retaliatory discharge, for allegedly being fired because she was pregnant. The court held that the abusive discharge claim could not lie because she could be vindicated under the federal statute. *Id.; see also Maxwell v. Ross Hyden Motors,* 104 N.M. 470, 474, 722 P.2d 1192, 1196 (App.1986) (wrongful discharge action cannot be supported by reliance on the unemployment compensation statute, which provides both a right and a remedy).

This Court will not extend the tort of retaliatory discharge to circumstances which the courts of New Mexico have not indicated that it should apply. Because Plaintiff has failed to allege he was fired in retaliation for acting or refusing to act in the interest of upholding public policy, he has not established a claim for retaliatory discharge against Hammons Hotels and, therefore, Summary Judgment is granted in Defendant's favor on this claim.

### Punitive Damages

In order to recover punitive damages in a case involving breach of an employment contract, the employer must be shown to have acted in bad faith, during the course of a plaintiff's employment or in the manner and method used to terminate him. *McGinnis v. Honeywell, Inc.,* 110 N.M. 1 at 9, 791 P.2d 452 at 460 (1990) (*citing Newberry v. Allied Stores,* 108 N.M. 424, 432, 773 P.2d 1231, 1239 (1989)). There must be some evidence of a "culpable mental state" on the part of the employer. *Id.,* 110 N.M. at 9, 791 P.2d at 460.

Plaintiff's claim rests in part on allegations that Hammons Hotels acted in bad faith in the manner in which his employment and termination were handled. The cause and effect of alleged acts and/or omissions of the Defendant, with respect to handling Plaintiff's employment and discharge, is disputed by the parties, as such, a material issue of fact exists as to whether Defendant's termination of Plaintiff was done in bad faith or with a culpable mental state sufficient to warrant punitive damages.

Defendant's Motion for Summary Judgment on Plaintiff's claims for punitive damages is, therefore, denied.