**Lindell DILLON, Plaintiff,**

v.

**FIBREBOARD CORPORATION, et al., Defendants.**

**No. CIV–87–1682–P.**

United States District Court, W.D. Oklahoma.

Dec. 2, 1988.

ORDER

PHILLIPS, District Judge.

I. INTRODUCTION

Before the Court for consideration are the motions for summary judgment of defendants (1) Owens Illinois, Inc., (2) Pittsburgh Corning and (3) Fibreboard Corporation. The motions raise identical issues and therefore will be considered together.

This is a products liability action in which the plaintiff, Lindell Dillon, claims his lung cancer was caused by his exposure to asbestos-containing products manufactured by these three defendants. Defendants contend they are entitled to summary judgment because plaintiff is unable to establish a causative link between his injury and the products manufactured by any of the moving defendants. Plaintiff responds with references to deposition testimony establishing that the asbestos-containing products of these defendants were at Lindell Dillon's workplace during the time in which he worked there.

On November 23, 1988 the Court heard oral argument on these motions. Thereafter, having thoroughly reviewed the submissions of the parties and the authorities cited therein, and having carefully considered the oral arguments of the parties, the Court announced on November 30, 1988 that the defendants' motions for summary judgment would be granted, and that a written order would be forthcoming.

Thus, for the reasons set forth below, defendants' motions for summary judgment are GRANTED.

## II. SUMMARY JUDGMENT STANDARDS

The facts presented to the court upon a motion for summary judgment must be construed in a light most favorable to the nonmoving party. *Board of Education v. Pico*, 457 U.S. 853, 864, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). If there can be but one reasonable conclusion as to the material facts, summary judgment is appropriate. Only genuine disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Finally, the movant must show entitlement to judgment as a matter of law. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985); Fed.R.Civ.P. 56(c).

Although the Court must view the facts and inferences to be drawn from the record in the light most favorable to the nonmoving party, even under this standard there are cases where the evidence is so weak that the case does not raise a genuine issue of fact. *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir.1988). As stated by the Supreme Court, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1).

The Supreme Court recently articulated the standard to be used in summary judgment cases, emphasizing the "requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. The Court stated that the question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252, 106 S.Ct. at 2512.

## III. ANALYSIS

■ In order to prevail against a manufacturer on a products liability theory, the plaintiff "must prove that the product was the cause of injury; the mere possibility is not enough." *Kirkland v. General Motors*, 521 P.2d 1353, 1363 (Okla.1974). Relying on *Kirkland*, Judge H. Dale Cook, Chief Judge of the Northern District of Oklahoma, recently granted defendants' motions for summary judgment in a case remarkably similar to the case before this Court. *See Smith v. Celotex Corp., et al.*,

No. 84–C–774–C (N.D.Okla. March 29, 1988). Other judges of the Northern District have likewise granted summary judgment in similar cases. *See Bristol v. Fibreboard Corp. et al.*, No. 84–C–714–B (N.D.Okla. June 19, 1985), *aff'd*, No. 86–1783 (10th Cir. November 9, 1987); *Case v. Fibreboard Corp. et al.*, No. 84–C–2–E (N.D.Okla. March 7, 1985), *aff'd*, No. 85–1476 (10th Cir. October 15, 1987). Judge Lee R. West of this district, however, has denied summary judgment in similar cases. *See Stewart v. Eagle–Picher Industries, Inc. et al.*, No. CIV–87–1443–W (W.D.Okla. April 28, 1988); *Kennedy v. Fibreboard Corp. et al.*, No. CIV–87–1996–W (W.D. Okla. May 27, 1988).

■ In Oklahoma, a plaintiff in asbestos-related products liability litigation may not rely on any form of collective liability as a theory for relief where the plaintiff is unable to identify specific tortfeasors. *Case v. Fibreboard Corp.*, 743 P.2d 1062 (Okla. 1987). The plaintiff must establish a causative link between the plaintiff's injuries and the specific tortious acts of the defendant. *Id.* at 1067. Plaintiff must establish that there is a significant probability that the defendant's acts were related to plaintiff's injury. *Id.*

Both sides agree that the "significant probability" standard set forth in *Case* is the standard to be applied here.[1] While neither the Oklahoma Supreme Court nor the Tenth Circuit has had an opportunity to address the precise issue which is before the Court in the instant case, the Fourth Circuit has addressed the issue, applying Maryland law. *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986). In *Lohrmann* the trial court directed a verdict in favor of three defendants, ruling as a matter of law that plaintiff's evidence was insufficient to establish the element of causation between plaintiff's asbestosis and the defendants' products. Affirming the directed verdict, the Fourth Circuit refused to adopt the rule that "if the plaintiff can present any evidence that a company's asbestos-containing product was at the workplace while the plaintiff was at the workplace, a jury question has been established" on the element of causation. *Id.* at 1162. The Fourth Circuit held that "[s]uch a rule would be contrary to Maryland law of substantial causation." *Id.*

The Oklahoma law as set forth in *Case*, which requires plaintiff to establish a "significant probability" of the causative link, is strikingly similar to the Maryland law requiring "substantial causation," and thus the Court finds the well-reasoned and thoroughly analyzed *Lohrmann* decision highly persuasive.

■ At the November 23, 1988 hearing plaintiff's counsel conceded that plaintiff's theory, like the theory of the plaintiff in *Lohrmann*, was that if a plaintiff can present evidence that a manufacturer's asbestos-containing product was at the workplace while plaintiff was at the workplace, plaintiff has presented a jury question. This Court declines to adopt such a theory, and finds that plaintiff's theory is contrary to Oklahoma's law requiring a "significant probability" of a causative link. *Case v. Fibreboard*, 743 P.2d 1062, 1067 (Okla. 1987). *See also Kirkland v. General Motors*, 521 P.2d 1353, 1363 (Okla.1974) (plaintiff must prove that product in question caused injury). To establish a reasonable inference of the significant probability of a causative link between plaintiff's injuries and the manufacturers' products, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked. *Lohrmann*, 782 F.2d at 1162–63.

The evidence which plaintiff submitted to support the element of causation consists of portions of the deposition of Bob Hare, an insulator who worked at plaintiff's workplace; portions of the deposition of the plaintiff; and the defendants' responses to interrogatories. Because plaintiff is unable to personally establish that he was

---

1. "[U]nder *Case* ... the Oklahoma Supreme Court ... required only that Plaintiff demonstrate a significant probability that Defendants' actions or products were related to his injury." Plaintiff's Response Brief at 8, filed October 6, 1988.

exposed to any specific asbestos-containing products manufactured by the moving defendants, he relies on the deposition of Mr. Hare.[2] Mr. Hare testified he recalled using Fibreboard products and that Unibestos Thermo Insulation (manufactured by Pittsburgh Corning Corporation) was used. Hare depo. at 20–22. Plaintiff admitted that he could not specifically identify which company's asbestos-related products he was exposed to, but referred to the following testimony from his deposition: "I probably tore off every brand that—Well, I know I have. Every brand that was in the refinery. So anything that was in that refinery, I come [sic] in direct contact with it. And not occasionally, but every day. I was one of those that was exposed every day." Dillon depo. at 59–60.

This evidence falls far short of the *Lohrmann* test as adopted by this Court. No reasonable jury could conclude that there exists a significant probability that plaintiff's injuries resulted from any of the moving defendants' products. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S.Ct. at 2512. While plaintiff has produced evidence that certain asbestos-containing products manufactured by these three defendants were used in the workplace and that the plaintiff worked in close proximity to some unidentified asbestos-containing products for an extensive number of years, plaintiff has failed to establish evidence of his exposure to any specific product on a regular basis over an extended period of time.

Jurors are instructed in almost every civil case that their verdict must be based on "probabilities, not possibilities." Viewing the evidence in the light most favorable to plaintiff, at best plaintiff has raised the possibility that his injuries were caused by defendants' products. This Court will not permit a manufacturer's multi-million dollar potential liability to hang in the balance

on the basis of mere speculation or conjecture.

Under plaintiff's theory, once a plaintiff establishes *de minimus* contact with a defendant's product, the burden would be shifted to that defendant to prove plaintiff did not have exposure to its product on a regular basis. To force such cases to trial on evidence of this nature not only inverts the burden of proof, but requires the multiple defendants in this case to engage in nothing short of "Russian Roulette" litigation. That is not what *Kirkland* envisions, what *Case* requires or what this Court condones.[3]

## IV. CONCLUSION

For the reasons set forth above, defendants Owens Illinois, Inc., Pittsburgh Corning, and Fibreboard Corporation's motions for summary judgment should be and hereby are GRANTED.

IT IS SO ORDERED.

---

**2.** Indeed, at the hearing plaintiff's counsel candidly conceded that the deposition of Mr. Hare was plaintiff's "linchpin" to surviving defendants' motions for summary judgment.

**3.** While the Court is not holding that plaintiff must personally be able to remember and to

identify specific products and specific manufacturers, there are a variety of avenues for proving circumstantially more than the "I was there, your products were there too" theory of causation. *See e.g. Lohrmann v. Pittsburgh Corning Corp., supra.*