Bill J. CORY, Plaintiff,

v.

Doris FAHLSTROM, Thomas M. Tuggle, Judge, Guy R. Steier, Patrik W. Neustrom, Samantha P. Angell, and Dana Brewer, Defendants.

No. 02–1313–JTM.

United States District Court, D. Kansas.

Feb. 11, 2003.

Bill J. Cory, Flagler Beach, FL, pro se.

Robert A. Walsh, Office of Cloud County Attorney, Concordia, KS, M. J. Willoughby, Office of Attorney General, Topeka, KS, Timothy J. Finnerty, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Wichita, KS, Steven D. Gough, Donald N. Peterson, II, Withers, Gough, Pike & Peterson, LLC, Debra E. James, Hampton & Royce, L.C., Salina, KS, for defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

The present action arises from a will contested in Kansas state court. Defendant Doris Fahlstrom, as executrix of the Estate of Madaline Young, brought the litigation, Case Nos. 99–PR–09 and 00–C–02, in Cloud County, Kansas. Defendant Judge Thomas Tuggle, Chief Judge of the Kansas Twelfth Judicial District, presided over the action. Defendants Dana Brewer, Guy Steier, Patrik Neustrom, and Samantha Angell represented Fahlstrom during the course of the proceeding. Plaintiff Bill Cory was a party to the litigation. Cory moved to dismiss the action on the grounds that he was not properly served. The motion was dismissed by the court, and ultimately a default judgment was entered against Cory and another defendant in the action. The defendants filed a notice of appeal, but this was dismissed when the parties settled the proceeding, the settlement being formally approved before the court on November 17, 2000.

In the present action, Cory has advanced various constitutional claims against Fahlstrom, the attorneys, and Judge Tuggle. Motions for summary judgment are before the court on behalf of both plaintiff and defendants. In addition, Cory has moved for de-

fault judgment against Fahlstrom. For the reasons stated herein, the court will grant the defendants' motions for summary judgment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital,* 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial.**'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Cory's responsive pleadings make no attempt to comply with D.Kan Rule 56.1 in form or substance; his pleadings do not set forth by numbered paragraphs those facts which are claimed to be specifically controverted or uncontroverted, nor are the assertions of fact based upon citations to the evidentiary record. His response to the initial summary judgment motion (Dkt. No. 39) contains no sworn factual statements. His pleadings are virtually all legal argument; what might be viewed as factual assertions in his pleadings are indiscriminately scattered throughout that lengthy argument. In a subsequent pleading (Dkt. No. 57 at 28 ¶ 42), Cory states that while he had "missed Local Rule 56," this was of no effect since he had submitted a "verified" pleading to the court.

A review of the court file fails to establish that Cory has advanced any averments of fact under oath. Moreover, many if not most of the various factual claims which have been advanced by Cory, such as those relating to various conspiratorial acts, appear to be matters which would not be within his own personal knowledge, a requirement of Rule 56. In any event, it is clear that, although he has been subsequently presented with the requirements of Rule 56.1—in particular by the sharp objections by all of the defendants to his failure to comply with the rule—Cory has nonetheless done nothing to correct the deficiencies in any of his pleadings by submitting a separate factual statement, tied by citation to admissible evidence. Nor has he attempted to meet the requirements of Rule 56.1 by specifically admitting or denying the factual statements of the defendants.

Accordingly, the facts submitted by defendants in Dkt. Nos. 27, 49, 54, and 56 are deemed admitted pursuant to D.Kan. Rule 56.1 and incorporated herein.

Turning to the various arguments advanced by the defendants, it is apparent that summary judgment is appropriate. Although the defendants advance various rationales for the dismissal of Cory's claims, one common thread to all of the defendants' motions is their contention that the court should not entertain the action pursuant to the *Rooker–Feldman* Doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Under 28 U.S.C. § 1257, "federal review of state court judgments can be obtained only in the United States Supreme Court." *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir.1998) (citing *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). As a result, the *Rooker–Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state court, *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and claims "inextricably intertwined" with a prior state court judgment. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303. In other words, *Rooker–Feldman* precludes "a party losing in state court ... from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). This court has previously applied the doctrine in an action similar in key respects to the present action. *See Hall v. Martin,* No. 99–1092–JTM, 2001 WL 946179 (D.Kan. July 18, 2001) (finding *Rooker–Feldman* Doctrine barred an action by a dissatisfied probate claimant "following prior, unsuccessful state court litigation" against the beneficiaries of the estate, their attorneys, and her own attorneys).

Further, in his responsive pleadings, Cory simply restates his various theories of conspiracy, fraud, corruption, and coercion. He stresses the history of his family (the plaintiff's "great-grandfather was the first taxpayer in Republic County, assisting in organizing the county and the Salt Creek Militia, in which he served, to fight the Indians"), coupled with the story of how he successfully fought a speeding ticket in Missouri (Dkt. No. 57, at 3–4,10). He stresses his own "good character and high morals." (Id. at 10). He asks for modification of the Kansas attachment statute (Dkt. No. 57, at 7, 25). He asks that the Kansas Attorney General remove Judge Tuggle from office. (Id. at 26).

What plaintiff utterly fails to do in any of his pleadings is to offer any response as to why *Rooker–Feldman* is not applicable here.

Accordingly, the court will grant the defendants' motion for summary judgment. The court will deny plaintiff's motion for summary judgment in light of the present holding. Plaintiff's motion for default judgment, which cites Fahlstrom's failure to respond to his summary judgment motion and which also cites Fed.R.Civ.Pr. 55(b) and 54(c) is denied. First, as noted earlier, Cory's motion for summary judgment fails in every important respect to meet the standards set forth by D.Kan.Rule 56.1; it is denied on those grounds. Second, Fahlstrom has recently filed an answer in the case (Dkt. No. 30), and there is no basis for concluding that Fahlstrom "has failed to plead or otherwise defend" the action within the meaning of either Rule 55 or Rule 54.

IT IS ACCORDINGLY ORDERED this _____ day of February, 2003, that the defendants' summary judgment motions (Dkt.Nos. 26, 48, 53, 55) are granted; plaintiff's motions for summary judgment and default (Dkt.Nos. 39, 57) are denied.