This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARSHALL RICHEY,**

 Plaintiff-Appellant,

v.                                    **NO. 32,847**

**HAMMOND CONSERVANCY DISTRICT,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
William C. Birdsall, District Judge

Alexander A. Wold, P.C.
Alexander A. Wold, Jr.
Albuquerque, NM

for Appellant

Miller Stratvert, P.A.
Timothy R. Briggs
Luke A. Salganek
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Plaintiff, Marshall Richey, appeals from the district court's grant of Defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 1-012(B)(6) NMRA. Plaintiff contends that the district court erred in concluding that the facts alleged in his amended complaint failed to state a claim within the exclusivity exception to the New Mexico Workers' Compensation Act (the Act), first recognized in *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. We hold that the allegations in the amended complaint are sufficient to satisfy Rule 1-008(A) NMRA. We therefore reverse and remand for further proceedings.

**BACKGROUND**

{2} Plaintiff was injured while working for Hammond Conservancy District (Defendant), and filed a personal injury claim pursuant to *Delgado*. Defendant moved to dismiss pursuant to Rule 1-012(B)(6), arguing that Plaintiff's claims were barred by the exclusivity provisions of the Act and claiming governmental immunity under the Tort Claims Act, NMSA 1978, Sections 41-1-1 to -30 (1976, as amended through 2013). Plaintiff moved to stay Defendant's Rule 1-012(B)(6) motion pending discovery. The district court held a hearing on Plaintiff's motion to stay, and Plaintiff was permitted to amend his complaint. The parties completed briefing on Defendant's motion to dismiss. After conducting a hearing on the motion, the district court

dismissed Plaintiff's claims with prejudice pursuant to Rule 1-012(B)(6). This appeal followed.

## DISCUSSION

## The District Court's Dismissal Pursuant to Rule 1-012(B)(6)

{3}     We review motions to dismiss a complaint for failure to state a claim under Rule 1-012(B)(6) de novo. *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. In considering a motion to dismiss, we test "the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for purposes of ruling on the motion, the court must accept as true." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 2, 134 N.M. 43, 73 P.3d 181 (internal quotation marks and citation omitted). Dismissal under Rule 1-012(B)(6) is appropriate only where the non-moving party is "not entitled to recover under any theory of the facts alleged in their complaint." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917 (internal quotation marks and citation omitted). On review, "we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Id.* ¶ 9 (internal quotation marks and citation omitted). The purpose of Rule 1-012(B)(6) "is to test the law of the claim, not the

facts that support it." *Envtl. Improvement Div. v. Aguayo*, 1983-NMSC-027, ¶ 10, 99 N.M. 497, 660 P.2d 587.

{4} Defendant makes a number of arguments in support of affirmance. However, Defendant's arguments focus primarily on what is required to prove a *Delgado* claim, and rely heavily on cases such as *May v. DCP Midstream, L.P.*, 2010-NMCA-087, 148 N.M. 595, 241 P.3d 193 and *Dominguez v. Perovich Properties, Inc.*, 2005-NMCA-050, 137 N.M. 401, 111 P.3d 721, where *Delgado* claims were dismissed at the summary judgment stage. Defendant is essentially arguing the merits of Plaintiff's *Delgado* claim, which is premature at the motion to dismiss stage. *Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 17, 283 P.3d 871.

{5} New Mexico has not adopted the rigorous federal standard for evaluating a motion to dismiss, which requires courts to "identify those allegations that are not entitled to the assumption of truth," and to "consider the factual allegations . . . to determine if they plausibly suggest an entitlement to relief." *Id.* ¶ 16 (omission in original) (internal quotation marks and citation omitted). As a result, New Mexico remains a notice-pleading state. *Id.* ¶ 17. We do not require "[district] courts to consider the merits of a plaintiff's allegations when deciding a motion to dismiss[.]" *Id.* Rather, we require "only that the plaintiff allege facts sufficient to put the defendant on notice of his claims." *Id. See Zamora v. St. Vincent's Hosp.*, 2014-

4

NMSC-___, ¶¶ 1, 10, ___ P.3d ___, (No. 33,770, Sept. 18, 2014) (reaffirming "New Mexico's longstanding commitment to the nontechnical fair notice requirements"); *see also* Rule 1-008(A)(2) (stating a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

**{6}** Here, Plaintiff sought relief for a work injury pursuant to the *Delgado* exception to the Act's exclusivity. *See Delgado*, 2001-NMSC-034, ¶ 24 ("We hold that when an employer intentionally inflicts or willfully causes a worker to suffer an injury that would otherwise be exclusively compensable under the Act, that employer may not enjoy the benefits of exclusivity, and the injured worker may sue in tort."). The worker in *Delgado* "died following an explosion that occurred at a smelting plant . . ., after a supervisor ordered [the worker] to perform a task that, according to [the plaintiff], was virtually certain to kill or cause [the worker] serious bodily injury." *Id.* ¶ 1. The plaintiff alleged that the employer intentionally subjected the worker to that risk, despite its knowledge that by performing the task the worker "would suffer serious injury or death as a result." *Id.*

**{7}** Our Supreme Court has set out the following test for *Delgado* claims:

> [W]illfulness renders a worker's injury non-accidental, and therefore outside the scope of the Act, when: (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the intentional act or omission to result in

the injury, or has utterly disregarded the consequences; and (3) the intentional act or omission proximately causes the worker's injury.

*Id.* ¶ 26. In order to survive a pre-trial dispositive motion, "plaintiffs must plead or present evidence that the employer met each of the three *Delgado* elements through actions that exemplify a comparable degree of egregiousness as the employer in *Delgado*." *Morales v. Reynolds*, 2004-NMCA-098, ¶ 14, 136 N.M. 280, 97 P.3d 612.

{8} Defendant suggests that the requirements for pleading a *Delgado* claim should be heightened because of *Delgado's* high threshold of culpability. We disagree. A plaintiff must plead sufficient allegations to put the defendant on notice of the claims. *Madrid*, 2012-NMCA-071, ¶ 17. We decline Defendant's invitation to require more of *Delgado* plaintiffs. The New Mexico Supreme Court's discussion of *Delgado* claims in *Salazar v. Torres* is particularly instructive:

> In *Delgado,* we made clear, based in part on the policy of treating both the employer and worker equally, that the legislature never intended that employers causing intentional harm to their employees would be protected by the Act's exclusivity provisions, just as workers who intentionally harm themselves are not protected by the Act. Implicit in this policy of evenhandedness is an understanding that both employers and workers must be given equal opportunity to investigate, explore, and eventually decide whether the injury was accidental, falling exclusively under the Act, or intentional, falling outside of the Act. Workers must have an opportunity to seek recourse from employers who willfully injure their employees, just as employers can question whether a worker's injury was self-inflicted. In many instances, the answer may not be clear-cut, depending, as it may, upon the interpretation of evidence, which in some cases only a jury can resolve. This process of

6

investigation may take considerable time to complete, a consequence that is especially true for tort claims under *Delgado*.

*Delgado* established a high threshold of culpability that should eliminate many claims before trial. . . . In light of this high threshold, injured workers must be afforded a reasonable time to investigate, including pre-trial discovery, whether they have a sustainable *Delgado* claim. . . . It may not be until the summary judgment stage, or even trial, that a worker has the answer.

*Salazar v. Torres*, 2007-NMSC-019, ¶¶ 13-14, 141 N.M. 559, 158 P.3d 449 (citations omitted). With this in mind, we turn to Plaintiff's amended complaint to determine whether Defendant has met its burden by showing that Plaintiff failed to state a claim upon which relief could be granted.

**{9}** The following factual allegations were plead by Plaintiff in his amended complaint. In 2010, Plaintiff worked for Employee Connections, Inc., as a temporary employee. On October 18, 2010, Employee Connections "loaned" Plaintiff to Hammond Conservancy District (Defendant) as a temporary employee. At Defendant's direction, Plaintiff used a small-diameter, short-nozzle, high-pressure water hose to clean culverts used for flood control.

**{10}** Prior to that date, several employees, including Plaintiff, had advised Defendant that the hose was very difficult to control and had reported "near misses of serious injury or death." The employees warned Defendant that injury from using the hose to clean out culverts was "certain to result." Nonetheless, Defendant directed Plaintiff

7

to use the hose to clean the culvert. The hose "failed to prevent the loss of control" and, as a result, water from the high-pressure hose was "injected directly into Plaintiff," causing severe injuries. Plaintiff alleged Defendant knew the assigned task was virtually certain to cause injury or death and that compelling him to perform the task in spite of the numerous employee complaints and objections was egregious. Plaintiff also alleged that Defendant's egregious conduct was the direct, natural, and proximate cause of his injuries.

**{11}** Taking these well-pleaded facts as true and construing them in a light most favorable to Plaintiff, we conclude that Plaintiff's amended complaint states a claim under *Delgado* upon which relief may be granted. The amended complaint sets forth allegations of the incident giving rise to Plaintiff's claim and gives Defendant adequate notice of the legal claims asserted against it. The district court's dismissal of the amended complaint was in error.

**Defendant's Governmental Immunity Defense**

**{12}** In its motion to dismiss, Defendant claims that because it is a statutorily created conservancy district, it is an arm of the state and enjoys immunity under the Tort Claims Act. Plaintiff argues that immunity was waived pursuant to NMSA 1978, § 41-4-6 (2007). The district court found that Defendant's Rule 1-012(B)(6) motion to dismiss was well taken, and ordered that Plaintiff's complaint be dismissed with

8

prejudice pursuant to Rule 1-012(B)(6). Because the district court did not reach the issue of governmental immunity, we leave it for determination on remand.

**CONCLUSION**

{13}    For the foregoing reasons, we reverse and remand for further proceedings.

{14}    **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**MICHAEL D. BUSTAMANTE**, **Judge**